Tom CLAYTON, M.D., a/k/a Charles
T. Clayton, M.D. a/k/a Thomas
M. Clayton, Appellant,

v.

Susan WISENER, Appellee.

No. 12–03–00344–CV.

Court of Appeals of Texas,
Tyler.

June 15, 2005.

---

Stephen P. Carrigan, Sydow, Kormanik, Carrigan & Eckerson, L.L.P., Houston, for appellant.

Dennis M. Dylewski, Dylewski & Douglas, Houston, for appellee.

Panel consisted of WORTHEN, C.J., GRIFFITH, J. and DeVASTO, J.

## OPINION

JAMES T. WORTHEN, Chief Justice.

The trial court granted Susan Wisener's application for a turnover order to aid in the enforcement of a judgment entered against Tom Clayton, M.D. In six issues, Dr. Clayton appeals this turnover order. We reverse the trial court's turnover order and vacate the order in its entirety.

### BACKGROUND

Wisener recovered a judgment against Dr. Clayton for $91,488.00 in actual damages and $200,000.00 in exemplary damages. Wisener subsequently filed a motion for a turnover order to aid her in the collection of the judgment from Dr. Clayton. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 31.002 (Vernon Supp.2004–05). In this motion, she listed assets owned by Dr. Clayton that she believed to be nonexempt from attachment, execution, or seizure. Dr. Clayton argued that all of his assets were exempt property. As part of his response to Wisener's motion, he filed his verified responses to Wisener's post-judgment interrogatories and an affidavit stating that all of his assets were exempt property. At the hearing on her turnover

motion, Wisener presented argument to the court as to why her motion should be granted but presented no evidence in support of the motion. The court then entered a turnover order against Dr. Clayton that listed the assets Wisener claimed were nonexempt. This appeal followed.

### DID THE TRIAL COURT ABUSE ITS DISCRETION BY ENTERING THE ORDER?

In his first three issues, Dr. Clayton contends that the trial court abused its discretion by entering the turnover order without any evidence in the record supporting the finding that Dr. Clayton had any nonexempt property. We agree.

### Standard of Review

The issuance of a turnover order is reviewed under an abuse of discretion standard. *Beaumont Bank, N.A. v. Buller,* 806 S.W.2d 223, 226 (Tex.1991). A trial court may be reversed for abusing its discretion only when the court of appeals finds the court acted in an unreasonable or arbitrary manner or that it acted without reference to any guiding rules and principles. *Id.* Whether there is evidence to support the turnover order is a relevant consideration in determining if the trial court abused its discretionary authority in issuing the order. *Id.* A trial court abuses its discretion by entering a turnover order if there is no evidence of a substantive and probative character that supports the trial court's decision. *Burns v. Miller, Hiersche, Martens & Hayward, P.C.,* 948 S.W.2d 317, 324 (Tex.App.Dallas 1997, pet. denied).

### Law and Analysis

A turnover order is a discretionary remedy that, if granted by the trial court, allows a judgment creditor access to the debtor's property to satisfy the judgment. TEX. CIV. PRAC. & REM.CODE ANN. § 31.002. The creditor must show the trial court that

1) the debtor owns the property, 2) the property cannot be readily attached, and 3) the property is not exempt. *Id.* A factual showing that the judgment debtor has nonexempt property that is not readily subject to ordinary execution is of particular importance in applying section 31.002. *See Schultz v. Fifth Judicial Dist. Court of Appeals at Dallas,* 810 S.W.2d 738, 740 (Tex.1991). Upon proof of the necessary facts, section 31.002 authorizes the trial court to order affirmative action by the judgment debtor and others to assist the judgment creditor in subjecting such nonexempt property to satisfaction of the underlying judgment. *Id.*

■ In this case, Wisener presented no evidence, either oral or written, to the court in support of her turnover motion. She presented only the motion and argument to the court. Motions and arguments of counsel are not evidence. *Elkins v. Stotts–Brown,* 103 S.W.3d 664, 669 (Tex. App.-Dallas 2003, no pet.). However, Wisener contends that there was no need for her to present evidence in support of her turnover motion based upon our holding in *Sivley v. Sivley,* 972 S.W.2d 850 (Tex.App.Tyler 1998, no pet.). This is an incorrect reading of that case.

The record in *Sivley* shows that a motion for a turnover order under section 31.002 was filed with the trial court on April 4, 1997 and was granted the same day without a hearing. *Id.* at 859. The record in *Sivley* also shows the trial court had already heard evidence on all of the facts supporting its turnover order during three previous hearings in the calendar year of 1996 (June 14, October 11, and November 22). *Id.* at 862. Therefore, the trial court did not abuse its discretion by entering the turnover order in *Sivley* because evidence had been properly admitted during those hearings before the entry of the turnover order on April 4, 1997. In

the instant case, Wisener never presented any evidence regarding the nonexempt assets owned by Dr. Clayton as required by section 31.002 of the Texas Civil Practice and Remedies Code. Consequently, the turnover order in *Sivley* is distinguishable from the order in the instant case.

■ Wisener further contends that even though she did not present evidence at her hearing on the turnover motion, the discovery responses and affidavit regarding his exempt assets that Dr. Clayton filed as part of his response to her motion are sufficient evidence to allow the turnover order to pass muster. Again, we disagree. Both of these documents were evidence of exempt assets, not nonexempt assets. Section 31.002 requires that evidence of nonexempt assets be admitted into evidence before the trial court can enter a turnover order. *See Schultz,* 810 S.W.2d at 740 (a factual showing that the judgment creditor has nonexempt property is required). Accordingly, we hold that the trial court abused its discretion in entering the turnover order based on section 31.002 without any evidence to support the order. Dr. Clayton's issues one, two, and three are sustained.

### CONCLUSION

Because our determination of Dr. Clayton's first three issues are dispositive of this appeal, we do not need to address his fourth, fifth, and sixth issues. Having sustained Dr. Clayton's first three issues, we reverse the trial court's turnover order and vacate the order in its entirety.