NUMBER 13-06-175-CV


COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG


 


CAROLYN GERDES, Appellant,


v.
 


JOHN KENNAMER, MORA

KENNAMER, AND LAGUNA

VISTA INTERNATIONAL, INC., Appellees.

 

On appeal from the 23rd District Court 


of Matagorda County, Texas.


 


MEMORANDUM OPINION



Before Justices Yañez, Benavides and Vela


Memorandum Opinion by Justice Vela



 Carolyn Gerdes, appellant, appeals an order issued pursuant to section 31.002 of
the Texas Civil Practice and Remedies Code, ordering the Matagorda County District Clerk
to deliver a cash deposit to John Kennamer ("Kennamer"), one of the appellees, to be
applied as a credit on a debt owed by Roger Gerdes, Jr., appellant's husband. Tex. Civ.
Prac. & Rem. Code Ann. § 31.002 (Vernon Supp. 2006). (1) The court also awarded
appellees' counsel attorneys' fees. By one issue, appellant complains that the trial court
abused its discretion in ordering the turnover of the cash deposit because appellees failed
to meet the procedural requirements of the statute. We agree and reverse and remand
the case to the trial court.

I.

BACKGROUND


 The underlying case arose from a claim that Roger Gerdes, appellant's husband,
breached his fiduciary duty to appellee, John Kennamer, while operating a hunting lodge
for Kennamer in Mexico. There were additional claims of conversion, fraud and conspiracy
to defraud. Gerdes v. Kennamer, 155 S.W.3d 523 (Tex. App.-Corpus Christi 2004, pet.
denied). The trial court entered a final judgment on July 31, 2002, awarding Kennamer
$915,392.65 against Roger Gerdes. The final judgment also awarded appellant
$22,484.93 based on quantum meruit. Certain awards were offset in the judgment, but the
award in favor of appellant was not offset. 

 Both sides appealed the judgment to this Court. Kennamer filed a cash deposit to
suspend the enforcement of the portion of the final judgment against him and in favor of
appellant. Roger Gerdes did not supersede the judgment against him. This Court affirmed
the final judgment on December 6, 2004. (2) The Texas Supreme Court denied the
Gerdeses' motion for rehearing of the denial of the petition for review on December 9,
2005. The judgment in Kennamer's favor was affirmed. Likewise, appellant's judgment
against Kennamer was affirmed which would allow her to satisfy her judgment from the
proceeds of the cash deposit.

 Through this turnover order Kennamer sought to use the funds he deposited to
supersede the judgment toward the debt owed to him by Roger Gerdes. The parties have
brought several actions related to Kennamer's attempts to satisfy the judgment in his
favor. (3) Roger Gerdes has been incarcerated due to his failure to comply with previous
court orders.

 In the appeal now before the Court, Carolyn Gerdes contests the procedural
mechanism used by Kennamer to attempt to retrieve the cash deposit he made in the
underlying appeal and to utilize that amount in partial satisfaction of the debt appellant's
husband owes to him. 

II.

AUTHORITIES


 Kennamer brought this action pursuant to Texas Civil Practice and Remedies

Code section 31.002(a) which provides, in part:

 (a) A judgment creditor is entitled to aid from a court of appropriate jurisdiction
through injunction or other means in order to reach property to obtain satisfaction
on the judgment if the judgment debtor owns property, including present or future
rights to property, that:


 (1) cannot readily be attached or levied on by ordinary legal process; and

 (2) is not exempt from attachment, execution, or seizure for the satisfaction of
liabilities.


Tex. Civ. Prac. & Rem. Code Ann. § 31.002 (Vernon Supp. 2006).

 The trial court's judgment is reviewed under an abuse of discretion standard. 
Beaumont Bank, N.A. v. Buller, 806 S.W.2d 223, 226 (Tex. 1991). An abuse of discretion
occurs when the trial court acts without reference to any guiding rules and principles. Id. 
Whether there is evidence to support the turnover award is a relevant consideration in
determining if the trial court abused its discretionary authority in issuing the order. Id. 

 The statute may be used when non-exempt property cannot be readily attached or
levied. Childre v. Great Southwest Life Ins. Co., 700 S.W.2d 284, 288 (Tex. App.-Dallas
1985, no writ). It is the judgment creditor's burden to show that the property cannot be
readily attached or levied on by ordinary legal process. Clayton v. Wisener, 169 S.W.3d
682, 684 (Tex. App.-Tyler 2005, no pet.). A creditor does not meet its evidentiary burden
under the statute when the creditor provides no evidence of the necessary facts. See
Main Place Custom Homes, Inc. v. Honaker, 192 S.W.3d 604, 628 (Tex. App.-Fort Worth
2006, pet. denied).

III.

ANALYSIS


 Counsel for Kennamer offered no evidence at the turnover hearing. In fact, counsel
told the court that the turnover motion would allow the court "in any easy step, what I think
we could accomplish anyway, in a couple of step process..." He further informed the court
that he was trying to accomplish in a practical way what he could accomplish in another
way through other procedural devices. Motions and arguments of counsel are not
evidence. Clayton, 169 S.W.3d at 684.

 Kennamer not only failed to introduce evidence to establish that the funds in
question could not be levied or attached by ordinary legal process, he suggests in his
argument that the funds in question could be attached by ordinary legal process. Absent
evidence to support the required element that the property cannot be readily attached or
levied by ordinary legal process, we believe that the trial court abused its discretion in
ordering the cash to be released pursuant to the turnover statute. Although the trial court
was clearly familiar with the underlying issues because of the many attempts of Gerdes to
thwart collection of appellees' judgment, we do not find this knowledge to be a substitute
for evidence supporting the specific statutory elements. While we do not necessarily
disagree with Kennamer's arguments that the trial court could have offset the award in the
final judgment and may have had inherent power to accomplish what it did, these
arguments are not persuasive in view of appellees' pleadings which clearly request relief
and attorneys' fees based specifically on the turnover statute. 

 We sustain appellant's issue and reverse and remand to the trial court for
proceedings consistent with this opinion. 


 

 ROSE VELA

 Justice 


Memorandum Opinion delivered and 

filed this 5th day of April, 2007.
1. The style of the case lists John Kennamer, Mora Kennamer and Laguna Vista International, Inc. as
plaintiffs. The turnover application suggests that it is only brought by John Kennamer.
2. Gerdes v. Kennamer, 155 S.W.3d 523 (Tex. App.-Corpus Christi 2004, pet. denied)
3. The proceedings were docketed as follows:

 (1) No. 13-02-00657-CV (appeal of final judgment),

 (2) No. 13-03-00046-CV (appeal of turnover order),

 (3) No. 13-03-00297-CV (petition for writ of mandamus),

 (4) No. 13-03-00537-CV (petition for writ of habeas corpus),

 (5) No. 13-03-00584-CV (petition for writ of habeas corpus),

 (6) No. 13-04-00427-CV (appeal of turnover order),

 (7) No. 13-05-00172-CV (appeal from denial of recusal),

 (8) No. 13-05-00198-CV (appeal from contempt order), and

 (9) No. 13-05-00487-CV (petition for writ of habeas corpus).