COURT OF APPEALS

                                       SECOND DISTRICT OF TEXAS

                                                   FORT WORTH

 

 

                                        NO. 2-09-210-CV

 

 

ANOCO MARINE
INDUSTRIAL, INC.                                        APPELLANT

A/K/A ANOCO MARINE 

INDUSTRIES, INC.

 

                                                   V.

 

PATTON PRODUCTION                                                         APPELLEES

CORPORATION AND J.L. 

PATTON, JR.

 

                                              ------------

 

            FROM THE 48TH
DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------

In three issues, appellant Anoco Marine
Industrial, Inc. a/k/a Anoco Marine Industries, Inc. appeals the turnover order
that the trial court signed in favor of appellees Patton Production Corporation
and J.L. Patton, Jr. We reverse and render.








Background
Facts

Appellees initially filed a lawsuit to establish
that an $81,473.41 promissory note that they had signed in favor of appellant
had been fully paid or was void.  In
either case, they contended that the collateral that secured the noteCroyalties from four gas wells located in OklahomaCshould be returned to them.[2]  Appellees attached the collateral agreement
to their original petition; the agreement said that upon payment of the note in
full, appellees would receive AReturn of the Overriding Royalty Interest
assignment.@








After a bench trial, the trial court=s judgment, which was prepared by appellees= counsel, said that the note was void and that it
was nonetheless paid in full, and the judgment decreed that Aany and all monies held in suspension by Williams
Production Mid-Continent Company or interplead[ed] into the registry of any
court be released to [appellees] within fifteen (15) days.@ However, the trial court=s judgment did not specifically, as appellees had
requested in their petition, order appellant to assign its interest in the gas
wells back to appellees or give appellees a judgment under an unjust enrichment
claim Afor sums received and retained by [appellant] in
excess of the amount actually due and owing them@ under the note. 
The judgment said, AAll relief not specifically granted is denied.@  Appellant
appealed the judgment, and we affirmed it. See Anoco Marine Indus., Inc. v.
Patton Prod. Corp., No. 02‑08‑00073‑CV, 2008 WL 4052927,
at *1B3 (Tex. App.CFort Worth Aug. 29, 2008, no pet.) (mem. op.).

After numerous attempts to collect on the
judgment in Oklahoma failed, appellees filed an application in the Texas trial
court that entered the underlying judgment for turnover under section 31.002 of
the civil practice and remedies code in an attempt to satisfy the judgment.[3]  The application alleged that Williams
Production Mid-Continent Company was the purchaser of gas from the wells at
issue and that, under an interpleader suit, the company had placed funds from
the wells=
production into the registry of a court in Oklahoma. Appellees contended that
the Oklahoma court would not release the funds to them; thus, they asked the
Texas court to order appellant to Aturn over all of [appellant=s] interest in the funds@ held in the Oklahoma court=s registry and to turn over all documents and
records relating to title in the gas wells.








Appellant filed a response to the application,
contending in part that the Oklahoma court had Adisbursed to [appellees] the funds ordered
released . . ., thereby causing the Final Judgment to have been fully paid@ and that appellees had twice been denied the
same relief from the Oklahoma court that they sought in their turnover
application from the trial court.  After
a hearing, the trial court granted appellees= turnover application, and in its order, the
trial court required appellant to

$       
turn over its interest in the funds held in the
Oklahoma court=s registry to appellees;

 

$       
turn over its interest in the gas wells,
including all interest in future production; and

 

$       
sign a release within fifteen days to disclaim
interest in any funds in the Oklahoma court=s registry and
to the gas wells.[4]

 

From
that order, appellant filed its notice of appeal.

The Propriety
of the Trial Court=s
Turnover Order

In three issues, appellant argues that the trial
court abused its discretion because the turnover order (1) was not based on any
evidence that supports the requirements of section 31.002, (2) turned property
directly over to a judgment creditor (appellees) without regard to the
satisfaction of an unpaid money judgment, and (3) determined the property
rights of the parties.








A turnover order is a procedural device by which
judgment creditors may reach assets of a debtor that are otherwise difficult to
attach or levy on by ordinary legal process. 
Beaumont Bank, N.A. v. Buller, 806 S.W.2d 223, 224 (Tex.
1991).  We review a turnover order for an
abuse of discretion.  Buller, 806
S.W.2d at 226; Main Place Custom Homes, Inc. v. Honaker, 192 S.W.3d 604,
627 (Tex. App.CFort
Worth 2006, pet. denied); Jones v. Am. Airlines, Inc., 131 S.W.3d 261,
266 (Tex. App.CFort
Worth 2004, no pet.).  

AA trial court may be reversed for abusing its
discretion only when the court of appeals finds the court acted in an
unreasonable or arbitrary manner. Stated somewhat differently, abuse of
discretion occurs when a trial court acts >without reference to any guiding rules and
principles.=@  Buller,
806 S.W.2d at 226 (citation omitted).  In
the context of turnover orders, a trial court=s decision will not be overturned, even when it
is based on an erroneous conclusion of law, if the judgment is sustainable for
any reason.  Id.; Honaker,
192 S.W.3d at 627.  Whether there is
sufficient evidence to support the turnover order is a relevant consideration
in determining whether the trial court abused its discretion.  Honaker, 192 S.W.3d at 627; see
Jones, 131 S.W.3d at 266. 








Appellant contends in its first issue that the
trial court abused its discretion by signing the turnover order because
appellees presented no evidence of the requisite factsCa judgment creditor who seeks to obtain property
to satisfy the judgment, the judgment debtor=s ownership of the property subject to the
turnover, whether the property can be readily attached, and whether the
property is exempt.  See Davis v. West,
No. 01‑08‑01006‑CV, 2009 WL 5174184, at *5 (Tex. App.CHouston [1st Dist.] Dec. 31, 2009, no pet. h.);
Tanner v. McCarthy,  274 S.W.3d 311,
322 (Tex. App.CHouston
[1st Dist.] 2008, no pet.); Honaker, 192 S.W.3d at 627B28. 
Appellees respond by arguing that section 31.002 Adoes not contain a specific evidentiary
requirement.@

However, A[s]ection 31.002 authorizes a turnover order only
upon proof of the necessary facts.@  Honaker,
192 S.W.3d at 628 (holding that the trial court erred by ordering a turnover
under section 31.002 because there was no evidence of some of the facts
required by that section); see Tanner, 274 S.W.3d at 322B23 (holding the same and describing the language
of section 31.002(a) as a Afundamental@ and Apreliminary@ requirement of the turnover remedy); Clayton
v. Wisener, 169 S.W.3d 682, 684 (Tex. App.CTyler 2005, no pet.) (holding that a trial court
abused its discretion by signing a turnover order because the applicant
presented only the motion and argument to the court, which was not evidence of
section 31.002>s
requirements).  By its explicit terms,
section 31.002 requires an outstanding, unsatisfied judgment as the basis for a
turnover order:








(a) A judgment
creditor is entitled to aid from a court of appropriate jurisdiction
through injunction or other means in order to reach property to obtain
satisfaction on the judgment if the judgment debtor owns property,
including present or future rights to property, that:

 

(1) cannot
readily be attached or levied on by ordinary legal process; and 

 

(2) is not
exempt from attachment, execution, or seizure for the satisfaction of
liabilities. 

 

Tex.
Civ. Prac. & Rem. Code Ann. ' 31.002(a) (emphasis added); see In re C.H.C.,
290 S.W.3d 929, 931 (Tex. App.CDallas 2009, no pet.) (noting that the purpose of
section 31.002 is for Acourt‑ordered
collection of judgments@);

Dale
v. Fin. Am. Corp., 929 S.W.2d 495,
497B98 (Tex. App.CFort Worth 1996, writ denied) (explaining
generally that section 31.002 applies to judgment creditors and judgment
debtors); see also Pandozy v. Beaty, 254 S.W.3d 613, 617 (Tex. App.CTexarkana 2008, no pet.) (A[O]nce the judgment was paid, the turnover order
lost its teeth and was of no further force and effect.  Issues concerning the validity of the dead
and then‑unenforceable order became immediately moot when the judgment
which it was issued to enforce was satisfied.@).








While trial courts may take judicial notice of
their own judgments, evidence is still required to prove the remaining
requirements for a turnover order. 
Appellees did not prove that any part of the trial court=s judgment remains unsatisfied.  Specifically, they did not show that at the
time the turnover order was signed, there was any unreleased money that had
been Aheld in suspension@ or Ainterplead[ed] into the registry of any court@ at the time of the trial court=s judgment. 
Appellees also did not show that attorney=s fees, court costs, or postjudgment interest,
which were also awarded by the trial court=s judgment, were unpaid.








Instead, evidence presented by appellant shows
that the Oklahoma court released the funds that were in its registry as of
December 13, 2007Cwhich
was the date of the trial court=s judgment in this caseCbut that the Oklahoma court did not release money
that was in that court=s
registry after December 13.  The trial
court=s judgment does not state that money held in
suspension by Williams Production Mid-Continent Company or placed in a court=s registry in the future should be released to
appellees.[5]
When a judgment is unambiguous, we must adhere to the literal language used
within it; we may interpret a judgment through the context of the record only
when it is ambiguous.[6]  See Hagen v. Hagen, 282 S.W.3d 899,
901 (Tex. 2009); Shanks v. Treadway, 110 S.W.3d 444, 447 (Tex. 2003).

For these reasons, appellees did not present
sufficient evidence of an unsatisfied judgment, which is one of the of the Anecessary facts@ under section 31.002; therefore, we hold that
the trial court abused its discretion by signing the turnover order and sustain
appellant=s
first issue.  See Tex. Civ. Prac.
& Rem. Code Ann. '
31.002(a); Honaker, 192 S.W.3d at 627B28. Because we sustain appellant=s first issue and hold that the turnover order
was inappropriate, we decline to address appellant=s second and third issues, which also attack the
propriety of the turnover order.  See
Tex. R. App. P. 47.1; Hawkins v. Walker, 233 S.W.3d 380, 395 n.47 (Tex.
App.CFort Worth 2007, pet. denied).








Conclusion

Having sustained appellant=s dispositive issue, we reverse the turnover
order that the trial court signed on June 25, 2009, and render a take-nothing
judgment in this turnover proceeding.  See
Tex. R. App. P. 43.2(c); Ross v. Nat=l Ctr. for the Employment of the Disabled, 201 S.W.3d 694, 695 (Tex. 2006); Clayton,
169 S.W.3d at 684.

 

 

TERRIE
LIVINGSTON

JUSTICE

 

PANEL: 
LIVINGSTON, DAUPHINOT, and GARDNER, JJ.

 

DELIVERED: 
April 8, 2010











[1]See Tex. R. App. P. 47.4.





[2]Appellees= petition said that as collateral, appellant was to receive Aall overriding royalty interests paid on a monthly basis, directly
from the producer, which in this case was Williams Production Mid-Continent
Company.@





[3]See Tex. Civ. Prac. & Rem. Code Ann. ' 31.002 (Vernon 2008). 





[4]The trial court attached a copy of the proposed release to its
turnover order.





[5]During the hearing on appellees= turnover
order application and before signing the turnover order, the trial court
initially recognized the judgment=s inability to
give the appellees their requested relief by telling appellees= counsel,

 

I=m afraid a
second lawsuit is going to be necessary, Mr. DeShazo.  I tend to agree that the way this judgment is
drafted right now, that it speaks in terms of all the funds held in the
registry, and it=s not drafted to say future funds held in the registry, and it does
not say that they were assigned.





[6]The parties have not contended that the trial court=s judgment is ambiguous.