

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

NO. 2-09-210-CV

ANOCO MARINE INDUSTRIAL, INC.      APPELLANT
A/K/A ANOCO MARINE
INDUSTRIES, INC.

V.

PATTON PRODUCTION         APPELLEES
CORPORATION AND J.L.
PATTON, JR.

------------

FROM THE 48TH DISTRICT COURT OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

In three issues, appellant Anoco Marine Industrial, Inc. a/k/a Anoco

Marine Industries, Inc. appeals the turnover order that the trial court signed in

favor of appellees Patton Production Corporation and J.L. Patton, Jr.

We reverse and render.

---

[1] *...* *See* Tex. R. App. P. 47.4.

Background Facts

Appellees initially filed a lawsuit to establish that an $81,473.41 promissory note that they had signed in favor of appellant had been fully paid or was void. In either case, they contended that the collateral that secured the note—royalties from four gas wells located in Oklahoma—should be returned to them.[2] Appellees attached the collateral agreement to their original petition; the agreement said that upon payment of the note in full, appellees would receive "Return of the Overriding Royalty Interest assignment."

After a bench trial, the trial court's judgment, which was prepared by appellees' counsel, said that the note was void and that it was nonetheless paid in full, and the judgment decreed that "any and all monies held in suspension by Williams Production Mid-Continent Company or interplead[ed] into the registry of any court be released to [appellees] within fifteen (15) days." However, the trial court's judgment did not specifically, as appellees had requested in their petition, order appellant to assign its interest in the gas wells back to appellees or give appellees a judgment under an unjust enrichment claim "for sums received and retained by [appellant] in excess of the amount actually

---

[2] ... Appellees' petition said that as collateral, appellant was to receive "all overriding royalty interests paid on a monthly basis, directly from the producer, which in this case was Williams Production Mid-Continent Company."

due and owing them" under the note.  The judgment said, "All relief not specifically granted is denied."  Appellant appealed the judgment, and we affirmed it. *See Anoco Marine Indus., Inc. v. Patton Prod. Corp.*, No. 02-08-00073-CV, 2008 WL 4052927, at *1–3 (Tex. App.—Fort Worth Aug. 29, 2008, no pet.) (mem. op.).

After numerous attempts to collect on the judgment in Oklahoma failed, appellees filed an application in the Texas trial court that entered the underlying judgment for turnover under section 31.002 of the civil practice and remedies code in an attempt to satisfy the judgment.[3]  The application alleged that Williams Production Mid-Continent Company was the purchaser of gas from the wells at issue and that, under an interpleader suit, the company had placed funds from the wells' production into the registry of a court in Oklahoma. Appellees contended that the Oklahoma court would not release the funds to them; thus, they asked the Texas court to order appellant to "turn over all of [appellant's] interest in the funds" held in the Oklahoma court's registry and to turn over all documents and records relating to title in the gas wells.

Appellant filed a response to the application, contending in part that the Oklahoma court had "disbursed to [appellees] the funds ordered released . . .,

---

[3] *See* Tex. Civ. Prac. & Rem. Code Ann. § 31.002 (Vernon 2008).

thereby causing the Final Judgment to have been fully paid" and that appellees had twice been denied the same relief from the Oklahoma court that they sought in their turnover application from the trial court. After a hearing, the trial court granted appellees' turnover application, and in its order, the trial court required appellant to

- turn over its interest in the funds held in the Oklahoma court's registry to appellees;

- turn over its interest in the gas wells, including all interest in future production; and

- sign a release within fifteen days to disclaim interest in any funds in the Oklahoma court's registry and to the gas wells.[4]

From that order, appellant filed its notice of appeal.

The Propriety of the Trial Court's Turnover Order

In three issues, appellant argues that the trial court abused its discretion because the turnover order (1) was not based on any evidence that supports the requirements of section 31.002, (2) turned property directly over to a judgment creditor (appellees) without regard to the satisfaction of an unpaid money judgment, and (3) determined the property rights of the parties.

---

[4] The trial court attached a copy of the proposed release to its turnover order.

A turnover order is a procedural device by which judgment creditors may reach assets of a debtor that are otherwise difficult to attach or levy on by ordinary legal process. *Beaumont Bank, N.A. v. Buller*, 806 S.W.2d 223, 224 (Tex. 1991). We review a turnover order for an abuse of discretion. *Buller*, 806 S.W.2d at 226; *Main Place Custom Homes, Inc. v. Honaker*, 192 S.W.3d 604, 627 (Tex. App.—Fort Worth 2006, pet. denied); *Jones v. Am. Airlines, Inc.*, 131 S.W.3d 261, 266 (Tex. App.—Fort Worth 2004, no pet.).

"A trial court may be reversed for abusing its discretion only when the court of appeals finds the court acted in an unreasonable or arbitrary manner. Stated somewhat differently, abuse of discretion occurs when a trial court acts 'without reference to any guiding rules and principles.'" *Buller*, 806 S.W.2d at 226 (citation omitted). In the context of turnover orders, a trial court's decision will not be overturned, even when it is based on an erroneous conclusion of law, if the judgment is sustainable for any reason. *Id.*; *Honaker*, 192 S.W.3d at 627. Whether there is sufficient evidence to support the turnover order is a relevant consideration in determining whether the trial court abused its discretion. *Honaker*, 192 S.W.3d at 627; *see Jones*, 131 S.W.3d at 266.

Appellant contends in its first issue that the trial court abused its discretion by signing the turnover order because appellees presented no evidence of the requisite facts—a judgment creditor who seeks to obtain

5

property to satisfy the judgment, the judgment debtor's ownership of the property subject to the turnover, whether the property can be readily attached, and whether the property is exempt. *See Davis v. West*, No. 01-08-01006-CV, 2009 WL 5174184, at *5 (Tex. App.—Houston [1st Dist.] Dec. 31, 2009, no pet. h.); *Tanner v. McCarthy*, 274 S.W.3d 311, 322 (Tex. App.—Houston [1st Dist.] 2008, no pet.); *Honaker*, 192 S.W.3d at 627–28. Appellees respond by arguing that section 31.002 "does not contain a specific evidentiary requirement."

However, "[s]ection 31.002 authorizes a turnover order only upon proof of the necessary facts." *Honaker*, 192 S.W.3d at 628 (holding that the trial court erred by ordering a turnover under section 31.002 because there was no evidence of some of the facts required by that section); *see Tanner*, 274 S.W.3d at 322–23 (holding the same and describing the language of section 31.002(a) as a "fundamental" and "preliminary" requirement of the turnover remedy); *Clayton v. Wisener*, 169 S.W.3d 682, 684 (Tex. App.—Tyler 2005, no pet.) (holding that a trial court abused its discretion by signing a turnover order because the applicant presented only the motion and argument to the court, which was not evidence of section 31.002's requirements). By its explicit terms, section 31.002 requires an outstanding, unsatisfied judgment as the basis for a turnover order:

(a) A *judgment creditor* is entitled to aid from a court of appropriate jurisdiction through injunction or other means in order to reach property *to obtain satisfaction on the judgment* if the judgment debtor owns property, including present or future rights to property, that:

>  (1) cannot readily be attached or levied on by ordinary legal process; and

>  (2) is not exempt from attachment, execution, or seizure for the satisfaction of liabilities.

Tex. Civ. Prac. & Rem. Code Ann. § 31.002(a) (emphasis added); *see In re C.H.C.*, 290 S.W.3d 929, 931 (Tex. App.—Dallas 2009, no pet.) (noting that the purpose of section 31.002 is for "court-ordered collection of judgments"); *Dale v. Fin. Am. Corp.*, 929 S.W.2d 495, 497–98 (Tex. App.—Fort Worth 1996, writ denied) (explaining generally that section 31.002 applies to judgment creditors and judgment debtors); *see also Pandozy v. Beaty*, 254 S.W.3d 613, 617 (Tex. App.—Texarkana 2008, no pet.) ("[O]nce the judgment was paid, the turnover order lost its teeth and was of no further force and effect. Issues concerning the validity of the dead and then-unenforceable order became immediately moot when the judgment which it was issued to enforce was satisfied.").

While trial courts may take judicial notice of their own judgments, evidence is still required to prove the remaining requirements for a turnover order. Appellees did not prove that any part of the trial court's judgment

remains unsatisfied. Specifically, they did not show that at the time the turnover order was signed, there was any unreleased money that had been "held in suspension" or "interplead[ed] into the registry of any court" at the time of the trial court's judgment. Appellees also did not show that attorney's fees, court costs, or postjudgment interest, which were also awarded by the trial court's judgment, were unpaid.

Instead, evidence presented by appellant shows that the Oklahoma court released the funds that were in its registry as of December 13, 2007—which was the date of the trial court's judgment in this case—but that the Oklahoma court did not release money that was in that court's registry after December 13. The trial court's judgment does not state that money held in suspension by Williams Production Mid-Continent Company or placed in a court's registry in the future should be released to appellees.[5] When a judgment is unambiguous, we must adhere to the literal language used within it; we may

---

[5] During the hearing on appellees' turnover order application and before signing the turnover order, the trial court initially recognized the judgment's inability to give the appellees their requested relief by telling appellees' counsel,

> I'm afraid a second lawsuit is going to be necessary, Mr. DeShazo. I tend to agree that the way this judgment is drafted right now, that it speaks in terms of all the funds held in the registry, and it's not drafted to say future funds held in the registry, and it does not say that they were assigned.

8

interpret a judgment through the context of the record only when it is ambiguous.[6] *See Hagen v. Hagen*, 282 S.W.3d 899, 901 (Tex. 2009); *Shanks v. Treadway*, 110 S.W.3d 444, 447 (Tex. 2003).

For these reasons, appellees did not present sufficient evidence of an unsatisfied judgment, which is one of the of the "necessary facts" under section 31.002; therefore, we hold that the trial court abused its discretion by signing the turnover order and sustain appellant's first issue. *See* Tex. Civ. Prac. & Rem. Code Ann. § 31.002(a); *Honaker*, 192 S.W.3d at 627–28. Because we sustain appellant's first issue and hold that the turnover order was inappropriate, we decline to address appellant's second and third issues, which also attack the propriety of the turnover order. *See* Tex. R. App. P. 47.1; *Hawkins v. Walker*, 233 S.W.3d 380, 395 n.47 (Tex. App.—Fort Worth 2007, pet. denied).

---

[6] The parties have not contended that the trial court's judgment is ambiguous.

Conclusion

Having sustained appellant's dispositive issue, we reverse the turnover order that the trial court signed on June 25, 2009, and render a take-nothing judgment in this turnover proceeding. *See* Tex. R. App. P. 43.2(c); *Ross v. Nat'l Ctr. for the Employment of the Disabled*, 201 S.W.3d 694, 695 (Tex. 2006); *Clayton*, 169 S.W.3d at 684.


TERRIE LIVINGSTON
JUSTICE

PANEL:  LIVINGSTON, DAUPHINOT, and GARDNER, JJ.

DELIVERED:  April 8, 2010