

## Fourth Court of Appeals
### San Antonio, Texas

**MEMORANDUM OPINION**

No. 04-13-00183-CV

William R. **SCHLECHT**,
Appellant

v.

Kimberly B. **SCHLECHT**,
Appellee

From the 288th Judicial District Court, Bexar County, Texas
Trial Court No. 2009-CI-05142
Honorable Richard Price, Judge Presiding

Opinion by:     Rebeca C. Martinez, Justice

Sitting:        Karen Angelini, Justice
                Marialyn Barnard, Justice
                Rebeca C. Martinez, Justice

Delivered and Filed:  April 2, 2014

AFFIRMED

        William R. Schlecht challenges the trial court's amended qualified domestic relations order

("QDRO"), arguing that it impermissibly modifies the parties' final divorce decree and original

QDRO.  We affirm the judgment of the trial court.

## BACKGROUND

Kimberly B. Schlecht filed a petition for divorce in 2009.  Kimberly and William entered into a mediated settlement agreement,[1] which they and their attorneys signed on December 6, 2011.  The Final Decree of Divorce was signed on February 27, 2012 by the Honorable Cathy Stryker.[2]  The divorce decree awarded Kimberly an "undivided" one-half interest in William's AT&T pension benefit plan to be paid to Kimberly "if, as and when" payments are made to William (paragraph 6 of property awarded to wife).  The same paragraph provided that: "The Court finds that the election currently in effect is the Fidelity Option 4 with Wife having a survivorship interest therein."  Option 4 is not defined in the record before us.  On the same day the decree was signed, Judge Stryker also signed a QDRO relating to William's AT&T pension benefit plan.  The QDRO assigned Kimberly, the alternate payee, a benefit of 50% of the Plan's benefit.  Paragraph 6 of the QDRO further specified that:

> The Alternate Payee shall commence his/her portion of the benefit when and as paid to the Plan Participant.  The Participant has previously elected the "Joint and 50% Survivor Annuity with Pop-up" option.  Alternate Payee confirms her acceptance of Participant's previous election.  Accordingly, Alternate Payee will receive 50% of the pension benefits to which Participant is otherwise entitled to receive while they are both living and 100% of the Survivor Annuity if she survives him.  The foregoing applies to the benefits payable retroactively to December 30, 2010 as provided by the Plan.
>
> In the event of Participant's death, prior to the Alternate Payee commencing benefits, the Alternate Payee shall be treated as the Participant's **sole** surviving spouse and entitled to the entire pre-retirement survivor benefits.

Fidelity Investments, the plan administrator of the AT&T Pension Benefit Plan, determined that the QDRO was not acceptable for processing.  Thereafter, William filed a motion to enter

---

[1] The parties' mediated settlement agreement ("MSA") is not contained in the appellate record.  The divorce decree recites that the MSA was merged into the final divorce decree and that in the event of a conflict between the two, the final divorce decree shall control in all instances.

[2] Presiding Judge of the 224th Judicial District Court, Bexar County, Texas.

[amended] QDRO, requesting that the trial court add the following sentence to paragraph 13: "If Alternate Payee predeceases Participant, then Participant will receive 100% of the pension benefits to which he is entitled." Kimberly also filed a motion to enter amended QDRO.

A hearing was held on the parties' motions to enter amended QDRO before the Honorable Victor Negron[3] on August 16, 2012. After consulting with Fidelity Investments, Judge Negron issued a written ruling instructing the parties to use the "Separate Interest Model Order" contained on pages 5-7 of the QDRO Approval Guidelines and Procedures AT&T Pension Benefit Plan provided to the court by William's attorney. Thus, Judge Negron ruled that Kimberly was allowed to designate beneficiaries of her share upon her death after the qualification of the QDRO.

William filed a motion for reconsideration, challenging the requirement that the parties use the "Separate Interest Model Order." A hearing was held before Judge Negron on the issue of whether the parties owned a separate or shared interest in the divided pension plan. On December 28, 2012, Judge Negron issued his written rulings after speaking with the plan administrator. The plan administrator informed Judge Negron that William was not currently in pay status, and therefore Judge Negron had the right to decide whether the parties would have a shared or separate interest. Judge Negron found that he had sole discretion to determine whether the parties had a separate or shared interest, and that the parties had a separate interest. In accordance with this ruling, an amended QDRO was prepared and signed by the trial court on January 11, 2013. The First Amended QDRO specified that the parties each have a separate interest in William's AT&T Pension Benefit Plan, and that "In the event [Kimberly] dies subsequent to the commencement of her separate interest benefit, [Kimberly] may have the right to designate a beneficiary, but only if applicable to the benefit form selected and allowed under the terms of the Plan."

---

[3] Formerly presiding judge of the 438th Judicial District Court, Bexar, County, Texas.

William timely appealed. Proceeding *pro se* on appeal, William argues that the trial court erred in signing the amended QDRO, because under the terms of the divorce decree and the original QDRO, Kimberly has no right to bequeath any portion of his pension.

## DISCUSSION

After a trial court issues a divorce decree, it retains continuing subject-matter jurisdiction to enforce the property division contained with the decree. *See* TEX. FAM. CODE ANN. § 9.002 (West Supp. 2013); *Quijano v. Quijano*, 347 S.W.3d 345, 353 (Tex. App.—Houston [14th Dist.] 2011, no pet.). After the expiration of its plenary power, however, the court may not alter, amend, or modify the substantive division of property in the decree. TEX. FAM. CODE ANN. § 9.007 (West 2006); *Shanks v. Treadway*, 110 S.W.3d 444, 449 (Tex. 2003). A QDRO is a species of post-divorce enforcement order. *Quijano*, 347 S.W.3d at 353. A court that renders a QDRO retains continuing, exclusive jurisdiction to amend the QDRO for the purpose of correcting or clarifying the QDRO to effectuate the division of property ordered by the court. *See* TEX. FAM. CODE ANN. § 9.1045(a) (West 2006); *DeGroot v. DeGroot*, 260 S.W.3d 658, 665 (Tex. App.—Dallas 2008, no pet.). "[A]s with any post-divorce enforcement or clarification order, a QDRO may not amend, modify, alter, or change the division of property made or approved in the decree of divorce or annulment." *Gainous v. Gainous*, 219 S.W.3d 97, 107 (Tex. App.—Houston [1st Dist.] 2006, pet. denied) (citing *Shanks*, 110 S.W.3d at 449, et al.).

Because the trial court did not make findings of fact or conclusions of law, we assume that it made all findings in support of its judgment. *Pharo v. Chambers Cnty.*, 922 S.W.2d 945, 948 (Tex. 1996); *Hicks v. Hicks*, 348 S.W.3d 281, 284 (Tex. App.—Houston [14th Dist.] 2011, no pet.). Furthermore, when findings of fact and conclusions of law are not filed, we must affirm the trial court's judgment on any legal theory that finds support in the evidence. *In re W.E.R.*, 669 S.W.2d 716, 717 (Tex. 1984) (per curiam).

The parties do not dispute that the trial court had jurisdiction to modify the QDRO. Because the plan administrator determined that the QDRO was not acceptable for processing, the trial court was necessarily required to amend the QDRO. The issue before us is whether the amended QDRO allowing Kimberly to designate a beneficiary impermissibly modifies the divorce decree. William contends that the "pop-up" right he previously elected, as reflected in the original QDRO, prohibits Kimberly from bequeathing her share of William's pension benefits to a third party.[4] According to William, the "pop-up" right means that the portion of William's monthly pension benefits Kimberly is entitled to receive during her lifetime reverts to William upon her death.[5] He further argues that by awarding him the "pop-up" right, Judge Stryker in effect ruled that Kimberly was not entitled to a testamentary right to alienate William's pension benefits. William relies on *Boggs v. Boggs*, 520 U.S. 833 (1997), for his argument that there is no right to alienate pension benefits.

In response, Kimberly argues that the amended QDRO merely clarified and/or specified what type of interest she was awarded, and does not conflict with any language contained in the divorce decree, which expressly awarded her a "separate property" interest in all of the property awarded to her, including the AT&T Pension Benefit Plan. She also emphasizes that *Boggs* is

---

[4] William refers us to a copy of his Pension Benefit Election Authorization, attached to his original brief. We cannot, however, consider evidence attached to an appellate brief that has not been formally included in the record. *See* TEX. R. APP. P. 34.1 (appellate record consists of the clerk's record and, if necessary to the appeal, the reporter's record); *Till v. Thomas*, 10 S.W.3d 730, 733-34 (Tex. App.—Houston [1st Dist.] 1999, no pet.).

[5] The record before us does not contain any documentation defining the "pop up" right. William refers to the Summary Plan Description ("SPD") which describes the Joint and Survivor Annuity with Pop up (50% or 75% or 100%) as follows: "A monthly benefit for your lifetime. If you predecease your Joint Annuitant, payments will continue to your Joint Annuitant at the elected survivor level for their lifetime. If your Joint Annuitant predeceases you, your payment is increased to the Single Life Annuity amount." The SPD to which William refers, however, was attached to his "Brief in Support of Respondent's Motion to Recover Attorneys' Fees and Respondent's Motion for Reimbursement" in excerpted form as Attachment "A." The record does not reflect that Attachment A was considered by the trial court or entered into evidence. Because motions are not evidence, *see Clayton v. Wisener*, 169 S.W.3d 682, 684 (Tex. App.—Tyler 2005, no pet.), we may not consider the excerpts attached to the "Brief in Support of Respondent's Motion to Recover Attorneys' Fees and Respondent's Motion for Reimbursement."

distinguishable, and that the Supreme Court noted that "[a] QDRO is a limited exception to the pension plan anti-alienation provision and allows courts to recognize a nonparticipant spouse's community property interest in pension plans under specific circumstances" and that "QDRO's, unlike domestic relation orders in general, are exempt from both the pension plan anti-alienation provision, § 1056(d)(3)(A), and ERISA's general pre-emption clause, § 1144(b)(7)." *Id*. at 839, 846-47.

We must therefore review the amended QDRO to determine whether it modified the substantive division of property contained in the final divorce decree. We will interpret the divorce decree and QDRO like any other judgment. *Floyd v. Floyd*, No. 04-04-00436-CV, 2005 WL 291493, at *2 (Tex. App.—San Antonio Feb. 9, 2005, no pet.) (mem. op.) (citing *Reiss v. Reiss*, 118 S.W.3d 439, 441 (Tex. 2003)). If a decree read as a whole is not ambiguous, we will interpret it literally. *Reiss*, 118 S.W.3d at 441.

Here, the final decree of divorce awarded to Kimberly "as her sole and separate property" an undivided one-half interest in the AT&T pension benefit plan in accordance with the QDRO if, as and when paid. Although the decree provides that the election currently in effect is Option 4, the record before us does not reflect what Option 4 is, and particularly fails to reflect that Option 4 contains a "pop-up" right. *See Christiansen v. Prezelski*, 782 S.W.2d 842, 843 (Tex. 1990) (burden is on appellant to supply court with sufficient record to show error). Consistent with the final divorce decree, the amended QDRO awards Kimberly a fifty percent separate property interest in the AT&T pension benefit plan. The amended QDRO goes on to provide that Kimberly may have the right—if applicable to the benefit form selected and allowed under the terms of the plan—to designate a beneficiary in the event William dies before her separate interest benefit commences. Based on the record before us, we cannot conclude that this language is inconsistent with the award to Kimberly of a separate property interest in the AT&T pension benefit plan.

Rather, the amended QDRO issued by the trial court merely assisted in the implementation of the trial court's final decree of divorce. Accordingly, the trial court did not err in rendering the amended QDRO. *See* TEX. FAM. CODE ANN. § 9.007; *Quijano*, 347 S.W.3d at 356. We therefore overrule William's complaint on appeal, and affirm the judgment of the trial court.

Rebeca C. Martinez, Justice