**Reverse and Remand; Opinion Filed May 2, 2017.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-16-00500-CV

**LEE WEIR, MIKE WEIR, AND AL WEIR, Appellants**
**V.**
**STERLING STATE BANK, Appellee**

**On Appeal from the 191st Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-14-07718-J**

## MEMORANDUM OPINION

Before Justices Lang, Myers, and Stoddart
Opinion by Justice Myers

Lee Weir, Mike Weir, and Al Weir appeal the trial court's order granting Sterling State

Bank's application for a turnover order and appointment of a receiver. Appellants bring two

issues on appeal contending (1) no evidence supports the turnover order and (2) the turnover

order is overly broad and nonspecific. We conclude Sterling Bank presented no evidence to

support the turnover order, and we reverse the trial court's order and remand the cause for further

proceedings.

Sterling Bank obtained a default judgment against appellants for about $60,000 in

February 2015. In November 2015, Sterling Bank filed an application for turnover and

receivership in aid of judgment. No evidence was attached to the application. At the hearing on

the application, which took less than five minutes, appellants did not appear, and Sterling Bank

did not put on any evidence. At the conclusion of the hearing, the trial court signed the turnover order that also appointed a receiver.

A judgment creditor is entitled to aid from a court to obtain satisfaction of the judgment if the judgment debtor owns property that "(1) cannot readily be attached or levied on by ordinary legal process; and (2) is not exempt from attachment, execution, or seizure for the satisfaction of liabilities." TEX. CIV. PRAC. & REM. CODE ANN. § 31.002(a) (West 2015). The court may appoint a receiver with authority to take possession of the property, sell it, and pay the proceeds to the judgment creditor as necessary to satisfy the judgment. *Id.* § 31.002(b)(3).

We review a trial court's turnover order for an abuse of discretion. *Beaumont Bank, N.A. v. Buller*, 806 S.W.2d 223, 226 (Tex. 1991); *Stanley v. Reef Secs., Inc.*, 314 S.W.3d 659, 663 (Tex. App.—Dallas 2010, no pet.). "Whether there was no evidence to support the turnover award would, of course, be a relevant consideration in determining if the trial court abused its discretionary authority in issuing the order." *Beaumont Bank*, 806 S.W.2d at 226.

To be entitled to a turnover order, the judgment creditor must put on evidence that the judgment debtor owns property that cannot be readily attached or levied on by ordinary legal process. *HSM Dev., Inc. v. Barclay Props., Ltd.*, 392 S.W.3d 749, 751 (Tex. App.—Dallas 2012, no pet.). If the judgment creditor presents proof of these facts, then the trial court is authorized to provide relief under section 31.002. *See Clayton v. Wisener*, 169 S.W.3d 682, 684 (Tex. App.—Tyler 2005, no pet.). If there is no evidence of these facts, then the trial court abuses its discretion by providing relief under section 31.002. *See id.*; *see also Black v. Shor*, 443 S.W.3d 170, 181 (Tex. App.—Corpus Christi 2013, no pet.). A party's application for turnover relief is not evidence. *Clayton*, 169 S.W.3d at 684.

In this case, Sterling Bank presented no evidence to the trial court in support of its application for a turnover order and appointment of a receiver. Therefore, the trial court erred by

ordering relief under section 31.002. We sustain appellants' first issue. We do not address appellants' second issue.

We reverse the trial court's order, and we remand the cause to the trial court for further proceedings.

/Lana Myers/
LANA MYERS
160500F.P05                                        JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

LEE WEIR, MIKE WEIR, and AL WEIR, Appellants

No. 05-16-00500-CV     V.

STERLING STATE BANK, Appellee

On Appeal from the 191st Judicial District Court, Dallas County, Texas
Trial Court Cause No. DC-14-07718-J.
Opinion delivered by Justice Myers. Justices Lang and Stoddart participating.

In accordance with this Court's opinion of this date, the trial court's turnover order and order appointing receiver is **REVERSED** and this cause is **REMANDED** to the trial court for further proceedings consistent with this opinion.

It is **ORDERED** that appellants LEE WEIR, MIKE WEIR, and AL WEIR recover their costs of this appeal from appellee STERLING STATE BANK.

Judgment entered this 2nd day of May, 2017.