ACCEPTED
03-15-00128-CV
6708004
THIRD COURT OF APPEALS
AUSTIN, TEXAS
8/28/2015 3:58:50 PM
JEFFREY D. KYLE
CLERK

NO. 03-15-00128-CV

IN THE COURT OF APPEALS

FOR THE

THIRD COURT OF APPEALS DISTRICT

AT AUSTIN, TEXAS

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
8/28/2015 3:58:50 PM
JEFFREY D. KYLE
Clerk

Tedde R. Blunck

Appellant

V.

Cathy A. Blunck

Appellee

From the 22nd Judicial District Court
of Hays County, Texas

**APPELLEE'S BRIEF**

LAW OFFICE OF KARL E. HAYS, PLLC
2101 South IH35, Suite 210
Austin, Texas 78741
512-476-1911
512-476-1904 facsimile
service@haysfamilylaw.com

Karl E. Hays
State Bar Number 09307050

Pursuant to TEX. R. APP. P. 39.7,
Appellee waives oral argument.

## IDENTITY OF PARTIES AND COUNSEL

In compliance with Rule 38.2(a)(1)(A) of the Texas Rules of Appellate Procedure which provides that the list of all parties to the trial court's judgment and the names and addresses of all counsel is not required to be included in an appellee's brief unless such information is necessary to supplement or correct the appellant's list, Appellee advises the Court that Appellant has correctly identified the parties and their counsel in this matter.

# TABLE OF CONTENTS

IDENTITY OF PARTIES AND COUNSEL . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . i

TABLE OF CONTENTS . . . . . . . . . . . . . . . . . . . . ii

INDEX OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . iii

REFERENCE TO THE RECORD ON APPEAL . . . . . . . . . . . . . . . . . . . . . . . . v

STATEMENT OF THE CASE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . vi

WAIVER OF ORAL ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . vii

APPELLEE'S RESPONSE TO ISSUES PRESENTED . . . . . . . . . . . . . . . . . . . viii

SYNOPSIS OF THE ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

STATEMENT OF FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . 5

STANDARD OF REVIEW . . . . . . . . . . . . . . . . . . . . . . . . . . 7

ARGUMENT AND AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . 8

PRAYER . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

CERTIFICATE OF COMPLIANCE . . . . . . . . . . . . . . . . . . . . . . . . . 17

CERTIFICATE OF SERVICE . . . . . . . . . . . . . . . . . . . . . . . . . 18

APPENDIX . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

# INDEX OF AUTHORITIES

## CASES

*Beaumont Bank, N.A. v. Buller*, 806 S.W.2d 223, 226 (Tex. 1991) . . . . . . . . 7, 10

*Burns v. Miller, Hiersche, Martens & Hayward, P.C.*
    948 S.W.2d 317, 324 (Tex. App. -Dallas 1997, writ denied) . . . . . . . . . . 7

*Clayton v. Wisener*, 169 S.W.3d 682, 683-84
    (Tex. App. -Tyler 2005, no pet.) . . . . . . . . . . . . . . . . . . . . . . . 10

*Guerinot v. Wetherell*, 2013 WL 2456741, at *4 (Tex. App. June 6, 2013) . . . . 9

*Jones v. Am. Airlines, Inc.*, 131 S.W.3d 261, 266
    (Tex. App. -Fort Worth 2004, no pet.) . . . . . . . . . . . . . . . . . . . . 7

*Schultz v. Fifth Judicial Dist. Court of Appeals at Dallas*
    810 S.W.2d 738, 740 (Tex. 1991) . . . . . . . . . . . . . . . . . . . . . . . 9

*Tanner v. McCarthy*, 274 S.W.3d 311, 322
    (Tex. App. -Houston [1st Dist.] 2008, no pet.) . . . . . . . . . . . . . . . 7, 9, 15

*Williams Farms Produce Sales, Inc. v. R & G Produce Co.*
    443 S.W.3d 250, 259 (Tex. App. -Corpus Christi 2014, no pet. . . . . 12, 13

## RULES

Texas Rules of Appellate Procedure 38.1(g) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5
Texas Rules of Appellate Procedure 38.2 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1
Texas Rules of Evidence 902 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

## STATUTES

Section 31.002 of the Texas Civil Practice and Remedies Code . . . . . . . . . . 4, 8, 9
Section 31.002(a) of the Texas Civil Practice and Remedies Code . . . . . . . . 8, 10
Section 31.002(b) of the Texas Civil Practice and Remedies Code . . . . . . . . . . 8
Section 31.002(h) of the Texas Civil Practice and Remedies Code . . . . . . . . 3, 14

## SECONDARY SOURCES

David Hittner, *Texas Post-Judgment Turnover & Receivership Statutes*,
45 Tex. Bar J. 417, 417-18 (1982) . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Second Amended Order Regarding Mandatory Reports of*
*Judicial Appointments and Fees*,
S. Ct. Misc. Docket No. 07-9188 (Oct. 30, 2007) . . . . . . . . . . . . . . . . 16

# REFERENCE TO THE RECORD ON APPEAL

Citations to the clerk's record are designated herein by "CR" followed by the applicable page number(s) thereof.

Citations to the reporter's record are designated herein by "RR" followed by the applicable volume, page and line number(s) thereof. Citations to exhibits included in the reporter's record are designated herein by "RR" followed by the applicable exhibit number.

Citations to the Appendix are designated herein by "APP EX" followed by the applicable exhibit number assigned within the text of this brief.

# STATEMENT OF THE CASE

Rule 38.2(a)(1)(B) of the Texas Rules of Appellate Procedure expressly provides that an appellee's brief need not include a statement of the case "unless the appellee is dissatisfied with that portion of the appellant's brief." Accordingly, Appellee advises this Court that she is satisfied with Appellant's description of the nature of the case, the course of the proceedings, and the trial court's disposition of the case.

# WAIVER OF ORAL ARGUMENT

Pursuant to Tex. R. App. P. 39.7, Appellee, Cathy A. Blunck, advises the Court that she waives her right to argue this case to the Court.

# APPELLEE'S RESPONSE TO ISSUES PRESENTED

The trial court did not abuse its discretion by entering an order for turnover relief, because there was sufficient evidence to support the District Court's order.

(In reply to Appellant's Issue No. I).

The trial court did not abuse its discretion by entering an order that did not identify the specific property that was subject to turnover.

(In reply to Appellant's Issue No. II).

The trial court did not abuse its discretion by establishing the rate at which the Receiver would be paid and by including a finding that the established rate was the customary and usual fee for a receiver.

(In reply to Appellant's Issue No. III).

NO. 03-15-00128-CV

IN THE COURT OF APPEALS

FOR THE

THIRD COURT OF APPEALS DISTRICT

AT AUSTIN, TEXAS

Tedde R. Blunck

Appellant

V.

Cathy A. Blunck

Appellee

From the 22nd Judicial District Court
of Hays County, Texas

**APPELLEE'S BRIEF**

Pursuant to Rule 38.2 of the Texas Rules of Appellate Procedure, Cathy A.

Blunck, the Appellee in these proceedings, responds to the arguments presented to

this Court by Appellant, Tedde R. Blunck. For the reasons set forth below, Cathy A.

Blunck requests that this Court affirm the order of the trial court in all respects.

1

## SYNOPSIS OF ARGUMENT

The trial court did not abuse its discretion by granting Appellee's request for turnover relief. As a judgment creditor, Appellant was entitled to receive aid from the trial court in the form of a turnover order if Appellant established that Appellee owns property that cannot readily be attached or levied on by ordinary legal process and that is not exempt from attachment, execution or seizure for the satisfaction of liabilities. At the hearing on Appellant's request for turnover relief, the trial court took judicial notice of the *Final Decree of Divorce* in this case, which reflects on its face that Appellant was awarded assets in his divorce that cannot readily be attached or levied on by ordinary legal process and which are not exempt from attachment, execution or seizure. Even without any additional evidence, the trial court had sufficient cause to grant the request for turnover relief.

Appellee also offered additional evidence in support of her request, which clearly supports her entitlement to relief. In addition to the information contained within the parties' *Final Decree of Divorce*, Appellee presented the trial court with a certified copy of "The Tedde R. Blunck Living Trust" which reflected that Appellant was in possession of certain contract rights with respect to property that he had transferred into the Trust. Appellee also presented copies of the official schedules that Appellant submitted to the Bankruptcy Court in connection with his

2

bankruptcy. Those schedules reflect Appellant's interest in certain accounts receivable, bank accounts and other assets that had been awarded to him in his divorce, as well as his interest in his law practice. The bankruptcy schedules, which were signed by Appellant under penalty of perjury were self-authenticating and established that Appellant was in possession assets such as the revenue from his law practice and two accounts receivable valued at $59,500.00 that cannot readily be attached or levied on by ordinary legal process. Consequently, the trial court had a sufficient evidentiary basis upon which to grant the requested turnover relief.

The trial court also did not abuse its discretion by failing to identify in the turnover order the specific property that was subject to the order. Appellant's argument in that regard is based upon case law that has specifically been superseded by statute. Section 31.002(h) of the Texas Civil Practice and Remedies Code, which was adopted in 2008, specifically provides that a turnover order does not have to identify the specific property that is subject to turnover.

Finally, the trial court did not abuse its discretion by establishing the rate at which the Receiver will be compensated. Appellant is correct in his assertion that the trial court cannot "pre-approve" the Receiver's right to compensation. Establishing the rate to be charged by the Receiver, however, is not the same as awarding the Receiver his fees. The Receiver will still need to submit a report to the Court and

3

obtain the trial court's approval of any request for fees. At that time, Appellant will be able to challenge the Receiver's request and assert any relevant arguments in opposition to the Receiver's request.

The order signed by the trial court on 9 February 2015, is supported by sufficient evidence, is in compliance with the express provisions of Section 31.002 of the Texas Civil Practice and Remedies Code, and is proper in all respects. Accordingly, the order should be affirmed by this Court.

## STATEMENT OF FACTS

Rule 38.1(g) of the Texas Rules of Appellate Procedure states,

> The brief must state concisely and without argument the facts pertinent to the issues or points presented. In a civil case, the court will accept as true the facts stated unless another party contradicts them. The statement must be supported by record references.

Despite the plain language of Rule 38.1(g), Appellant chooses to interject both argument and opinion in his recitation of the pertinent facts regarding this case. Accordingly, Appellee respectfully urges this Court to disregard the extraneous and irrelevant nature of the majority of Appellant's statement of facts and focus instead only on those facts that are relevant to the disposition of this appeal.

Mindful of the fact that Rule 38.1(g) provides that the Court will accept as true the facts stated in an appellant's statement of facts unless those facts are controverted, Appellee advises this Court that she generally denies Appellant's version of the facts. Additionally, Appellee incorporates herein by reference her Statement of Facts presented below, and any reference to the facts in her argument presented herein and offers both in contravention of the relevant facts asserted by Appellant.

Appellee obtained a judgment against Appellant on 24 October 2012, which Appellant has refused to pay. (CR 36-70)(The *Final Decree of Divorce* is not a formal part of the record in this case, but is attached as an exhibit to Appellee's

request for turnover relief). On 30 January 2015, Appellee filed a *Motion for Post-Judgment Receivership Pursuant to Section 31.002, Civil Practice and Remedies Code*, seeking judicial assistance in collecting the outstanding judgment. (CR 33 - 35). On 9 February 2015, the trial court considered Appellee's request for turnover relief. Although he had been provided with notice of the hearing, Appellant did not attend. At the conclusion of the hearing the trial court granted Appellee's request for turnover relief and appointed a receiver with the authority to take possession of Appellant's non-exempt property. (CR 72 - 78).

## STANDARD OF REVIEW

Turnover orders are reviewed under an abuse of discretion standard. *Beaumont Bank, N.A. v. Buller,* 806 S.W.2d 223, 226 (Tex.1991). Under the abuse of discretion standard, legal and factual insufficiency challenges do not constitute independent grounds for error, but are factors that the appellate court examines in assessing whether the trial court abused its discretion. *See Tanner v. McCarthy,* 274 S.W.3d 311, 322 (Tex. App.–Houston [1st Dist.] 2008, no pet.); *Jones v. Am. Airlines, Inc.,* 131 S.W.3d 261, 266 (Tex. App.–Fort Worth 2004, no pet.). A trial court abuses its discretion when it acts in an unreasonable or arbitrary manner, without reference to any guiding rules and principles. *Beaumont Bank,* 806 S.W.2d at 226. An appellate court should not reverse for an abuse of discretion if there is some evidence of a substantive and probative character to support the trial court's decision. *Tanner,* 274 S.W.3d at 321; *Burns v. Miller, Hiersche, Martens & Hayward, P.C.,* 948 S.W.2d 317, 324 (Tex. App.–Dallas 1997, writ denied). Therefore, lack of evidence to support a turnover order is a relevant consideration in determining whether a trial court abused its discretion in granting the order. *Beaumont Bank,* 806 S.W.2d at 226.

## ARGUMENT AND AUTHORITIES

**The District Court did not abuse its discretion by entering an order for turnover relief, because there was sufficient evidence to support the District Court's order.**

**(In reply to Appellant's Issue No. I).**

In his first issue, Appellant argues that there was no evidence to support the trial court's order. A trial court's entry of a turnover order is governed by Texas Civil Practice and Remedies Code section 31.002. *See,* Tex. Civ. Prac. and Rem. Code Ann. § 31.002(a) (Vernon 2015). Under that section, a judgment creditor is entitled to receive aid from a court in order to reach property to obtain satisfaction on a judgment "if the judgment debtor owns property ... that: (1) cannot readily be attached or levied on by ordinary legal process; and (2) is not exempt from attachment, execution, or seizure for the satisfaction of liabilities." *Id.* If the foregoing conditions are met, the trial court may order the judgment debtor to turn over nonexempt property to a designated sheriff or constable for execution, may otherwise apply the property to the satisfaction of the judgment, or, as was the case in this instance, the trial court may appoint a receiver with the authority to take possession of the nonexempt property, to sell it, and to pay the proceeds to the judgment creditor as required to satisfy the judgment. *Id.* § 31.002(b) (Vernon 2015).

8

As specifically noted by the Court of Appeals in *Tanner v. McCarthy*, 274 S.W.3d 311, 322 (Tex. App. -Houston [1st Dist.] 2008, no pet.),

> Section 31.002 does not specify, or restrict, the manner in which evidence may be received in order for a trial court to determine whether the conditions of section 31.002(a) exist, nor does it require that such evidence be in any particular form, that it be at any particular level of specificity, or that it reach any particular quantum before the court may grant aid under section 31.002.

In fact, Section 31.002 does not even require that the trial court conduct an evidentiary hearing prior to granting relief under the statute. *Tanner*, 274 S.W.3 at 322, fn. 21.

Even though Section 31.002 does not specify the manner in which evidence may be received by the trial court, or state the form, level of specificity or quantum of evidence required to justify the issuance of a turnover order, a trial court is required to have some evidence before it that establishes the existence of the necessary conditions before the trial court can properly enter an order granting relief under that section. *Guerinot v. Wetherell*, 2013 WL 2456741, at *4 (Tex. App. June 6, 2013), citing, *Tanner*, 274 S.W.3d at 322; *Schultz v. Fifth Judicial Dist. Court of Appeals at Dallas*, 810 S.W.2d 738, 740 (Tex.1991)(holding that turnover statute requires factual showing that judgment debtor has nonexempt property that is not

readily subject to ordinary execution); *Clayton v. Wisener,* 169 S.W.3d 682, 683-84 (Tex. App.-Tyler 2005, no pet.) (holding that trial court abused its discretion in entering turnover order without any evidence of facts required by Section 31.002(a) and based only on motion and argument of judgment creditor's counsel); *accord Beaumont Bank,* 806 S.W.2d at 226 (holding that lack of evidence to support turnover order is relevant consideration in determining whether trial court abused its discretion in entering order).

The basis of Appellant's first argument is the assertion that Appellee failed to present competent evidence to support her request for turnover relief. That assertion is simply incorrect.

The stated purpose of the turnover statute is to permit a judgment creditor to reach intangible assets such as contract rights, accounts receivable, negotiable instruments and corporate stocks, in addition to other assets that cannot readily be attached or levied on by ordinary legal process. David Hittner, *Texas Post-Judgment Turnover & Receivership Statutes,* 45 Tex. Bar J. 417, 417-18 (1982)(citing House and Senate committee reports). At the hearing on Appellee's request for relief, the trial court took judicial notice of the file and, specifically of the *Final Decree of Divorce* signed by the trial court on 24 October 2012. (RR Vol. II ll. 14-17). The *Final Decree of Divorce* reflects that Appellant was awarded, among other property,

10

an interest in two timeshares, seven separate bank accounts, life insurance policies insuring Appellant's life as well as a life insurance policy insuring the life of a third party, travel and hotel award benefits, timber and mineral interests, loan proceeds from various loans, and a note receivable. (CR 41-45)(Applicable pages attached as EX. 1 in the Appendix). All of these items constitute property that cannot readily be attached or levied on by ordinary legal process.

Appellant does not join issue with the fact that the trial court had sufficient evidence to support a request for turnover relief by virtue of having taken judicial notice of the file. Instead, Appellant's argument in support of his first issue centers around a challenge to the authenticity of the additional evidence that Appellee offered to the Court in support of her request. Contrary to Appellant's assertion, the trust document that Appellee offered into evidence at the hearing on her request for turnover relief (Movant's Ex. 1) was a certified copy of "The Tedde R. Blunck Living Trust" and therefore was self-authenticating under Rule 902(1)(A) of the Texas Rules of Evidence. The fact that the document was a certified copy is clearly evident from the record. For the Court's benefit, a copy of the last page of the document, reflecting the certification of the Camp County Clerk is included as APP EX. 2 in the Appendix to this Brief.

11

The import of the trust agreement is that it reflects on its face that Appellant has certain valuable contract rights regarding property that Appellant had transferred into his living trust. Those contract rights constitute assets that cannot readily be attached or levied on by ordinary legal process.

With respect to the second exhibit that Appellee offered in support of her request for turnover relief, that document also was self-authenticating under Rule 902 of the Texas Rules of Evidence. Movant's Ex. 2 was copies of the required schedules that Appellant had filed in connection with his bankruptcy, and which reflected, among other things, Appellant's interest in certain accounts receivable, bank accounts, and his law practice - all of which are assets that cannot readily be attached or levied on by ordinary legal process. Aside from the fact that the bankruptcy schedules reflect that they were signed by Appellant under penalty of perjury, (which should call into question the sincerity of his challenge as to the authenticity of the exhibit), each page of Movant's Ex. 2 bears the electronic file stamp from the Bankruptcy Court. In addressing a similar challenge to a docket sheet printed from the uscourts.org website, the Corpus Christi Court of Appeals in *Williams Farms Produce Sales, Inc. v. R & G Produce Co.*, 443 S.W.3d 250, 259 (Tex. App. - Corpus Christi 2014, no pet.) concluded,

Relying on federal case law and the plain language of the statute, we hold that documents printed from government websites are self-authenticating under Texas Rule of Evidence 902(5).

The Court further explained,

In addition, under Texas law, evidence may be authenticated by its "[a]ppearance, contents, substance, internal patterns, or other distinctive characteristics, taken in conjunction with circumstances" that support a finding that a document is what its proponent claims. Tex.R. Evid. 901(b)(4). While we hold that the documents printed from government websites are self-authenticating under Rule 902(5), we also acknowledge that, because they indicate they originated from government websites, they could also have been internally authenticated under Rule 901(b)(4). *See id.; Tienda v. State,* 358 S.W.3d 633, 647 (Tex. Crim. App.2012) (holding that printouts from MySpace webpages were admissible because there was sufficient evidence on them indicating that they "were what they purported to be - MySpace pages the contents of which the appellant was responsible for"); *see also U.S. E.E.O.C. v. E.I. DuPont de Nemours & Co.,* CIV. A. 03-1605, 2004 WL 2347559, at *2 (E.D.La. Oct. 18, 2004) (finding that, in addition to being admissible under Federal Rule of Evidence 902(5), an exhibit printed from a government website was also admissible under the Rule 901 because it contained the internet domain address from the website and the date on which it was printed).

443 S.W.3d at 259, fn. 7.

In light of the foregoing, it is clear that the trial court did not abuse its discretion by granting Appellee's request for turnover relief. The trial court clearly had sufficient evidence upon which to base an order granting turnover relief.

**The District Court did not abuse its discretion by entering an order that did not identify the specific property that was subject to turnover.**

**(In reply to Appellant's Issue No. II).**

In his second issue, Appellant makes the argument that the trial court's order is invalid because it "fails to state specifically what non-exempt property in the possession of Judgment Debtor is to be turned over or when it is to be turned over." (Appellant's Brief at p. 20). In support of his argument, Appellant cites three separate appellate opinions,[1] each of which predate the adoption of §31.002(h) of the Texas Civil Practice and Remedies Code. Section 31.002(h) specifically provides,

> (h) A court may enter or enforce an order under this section that requires the turnover of non-exempt property without identifying in the order the specific property subject to turnover.

---

[1] *Schultz v. Fifth Judicial Dist. Ct. of App. at Dallas*, 810 S.W.2d 738, 740 (Tex. 1991); *Moyer v. Moyer*, 183 S.W.3d 48, 54 (Tex. App. -Austin 2005); *Bergman v. Bergman*, 828 S.W.2d 555. 557 (Tex. App. -El Paso. 1992. no writ). The fourth case cited by Appellant is an order from an United States Magistrate Judge which, aside from having no precedential value, is simply wrong. A review of the order, which is included in the Appendix as APP EX. 3, reflects that it is based upon case law that predates the 2008 addition of § 31.002(h) to the Civil Practice and Remedies Code.

14

As stated by the Court of Appeals in *Tanner v. McCarthy*, 274 S.W.3d 311 (Tex. App. -Houston [1st Dist.] 2008, no pet.),

> Indeed, section 31.002 does not require that a judgment creditor seeking a turnover order identify all, or even any, of the judgment debtor's assets that are to be the subject of the turnover order, nor does the statute require the trial court to identify the specific property subject to turnover in its turnover order. *See id.* §31.002(h).

Appellant's argument that the trial court's order had to identify the specific property that was subject to turnover is based on a line of cases that has been specifically superseded by statute and is simply wrong.

**The District Court did not abuse its discretion by establishing the rate at which the Receiver would be paid and by including a finding that the established rate was the customary and usual fee for a receiver.**

**(In reply to Appellant's Issue No. III).**

In its order, the trial court specifically established the rate at which the Receiver would be paid. Additionally, the trial court made a finding that the rate established by the trial court is the customary and usual fee for a receiver. Appellant misconstrues the trial court's order and argues, essentially, that the trial court has prematurely ruled upon the validity of the Receiver's fees. That is simply not the case. In order to be paid, the Receiver will need to submit a separate request for

15

payment and obtain approval from the trial court. *See, Second Amended Order Regarding Mandatory Reports of Judicial Appointments and Fees*, S. Ct Misc. Docket No. 07-9188 (Oct. 30, 2007). (APP EX. 4). The trial court's order makes no attempt to usurp the requirements established by the Texas Supreme Court. Any argument that Appellant may have regarding the reasonableness of charges can be asserted by Appellant at the time the Receiver files a motion requesting payment and would properly be addressed at that time. Appellant can cite this Court to no authority which provides that it is improper for a trial court to establish the rate at which a receiver is to be compensated and to include that rate in its turnover order. The trial court's finding that the rate established by the trial court is the customary and usual rate for a receiver is not a determination before the fact of the reasonableness of the Receiver's fees. Accordingly, there was nothing improper about putting the Receiver's rate in the turnover order or the trial court's finding in that regard.

## PRAYER

For the reasons stated in this brief, Cathy A. Blunck respectfully asks this Court to overrule the issues presented by Tedde R. Blunck and affirm the trial court's order in all respects.

16

Respectfully submitted,

LAW OFFICE OF KARL E. HAYS, PLLC
2101 South IH-35, Suite 210
Austin, Texas 78741
512-476-1911
512-476-1904 facsimile
service@haysfamilylaw.com


By:_____/s/___Karl E. Hays_____
        Karl E. Hays
        State Bar Number 09307050

ATTORNEY FOR APPELLEE

## CERTIFICATE OF COMPLIANCE

I Certify that this document was produced on a computer using WordPerfect and contains 4402 words, as determined by the computer software's word-count function, excluding the sections of the document listed in Texas Rules of Appellate Procedure 9.4(I)(1).


_____/s/___Karl E. Hays_____
Karl E. Hays

## CERTIFICATE OF SERVICE

In compliance with Rule 9.5(a), 9.5(d) and 9.5(e) of the Texas Rules of Appellate Procedure, the undersigned attorney certifies that a true and correct copy of the foregoing *Appellee's Brief* has been served upon the below-named individual, in the manner noted below, as prescribed by Rule 9.5(b) of the Texas Rules of Appellate Procedure on this 28th day of August 2015.

/s/     Karl E. Hays

Karl E. Hays

**Via E-File Transmission**
Tedde R. Blunck
502 Quitman Street
P.O. Box 1152
Pittsburg, Texas 75686
tblunck@yahoo.com

## APPENDIX TO APPELLEE'S BRIEF

1.    Pages 7-10 (Vol. 584, pg 0663 - 0666) from *Final Decree of Divorce,* Cause No. 11-1217, *In the Matter of the Marriage of Tedde R. Blunck and Cathy A. Blunck,* in the 22nd District Court of Hays County, Texas.

2.    Last page of certified copy of "The Tedde R. Blunck Living Trust" reflecting the certification of the Camp County Clerk.

3.    *Findings, Conclusions, and Recommendation of the United States Magistrate Judge,* No. 3:13-cv-4311-D, *Shanze Enterprises, Inc., v. Amigo MGA, LLC,* In the United States District Court, Northern District of Texas, Dallas Division

4.    *Second Amended Order Regarding Mandatory Reports of Judicial Appointments and Fees,* S. Ct Misc. Docket No. 07-9188 (Oct. 30, 2007)

19

**EXHIBIT 1**

Declaration upon and subject to all of the terms, restrictions, covenants, conditions, provision in the Declaration and any amendments thereto.

b.    A 2% undivided interest as tenant-in-common in and to Unit 057 (the "Unit"), Hill Country Resort, Phase 3, a vacation resort in Comal County, Texas, according to the Second Amended and Restated Declaration of Restrictions, Covenants and conditions recorded under File No. 20000 6037046 and Supplemental Declaration recorded under File No. N/A Real Property Records of Comal County, Texas, (collectively the "Declaration"), and as shown and described in the Plat of Hill Country Resort recorded in Volume 8, Page 345 of the Plat Records, Comal County, Texas, together with the exclusive right to occupy the Unit during Use Period No. 17, beginning APRIL26, 2008, as said Use Period is defined in the Declaration upon and subject to all of the terms, restrictions, covenants, conditions, provision in the Declaration and any amendments thereto.

4.    The real property and improvements located at 502 Quitman Street, Pittsburg, Camp County, Texas, 75686 including but not limited to any escrow funds, easements, homeowners association rights, prepaid insurance, utility deposits, keys, house plans, home security access and code, keys and garage door opener, warranties and service contracts, and title and closing documents related to the property, which is more particularly described as:

.52 acre Nancy Glass Survey, Abstract No. 073. A-43 (aka Lot 08, E Pt. City Block 48 per CCAD), City of Pittsburg, Camp County, Texas

Being a lot, tract, or parcel of land situated in the Nancy Glass Survey, Abstract No. 073, Camp County, Texas, and being all of that certain tract of land conveyed from Zeliah Heath et vir to Dr. Manuel Guerra, by Warranty deed, as recorded in Volume 141, page 342, Deed Records, Camp County, Texas, and being more particularly described by metes and bounds as follows:

BEGINNING at a 60d nail set in asphalt at the Northeast corner of the remainder of a called 0.623 acre tract conveyed to Carolyn Rape, by Warranty Deed, as recorded in Volume 041, page 106, Real Property Records, Camp County, Texas, said point being in the South line of State Highway No. 11 (a.k.a. Quitman Street), from said point, a ½ inch iron rod found, bears North 69 Degrees 03 Minutes 27 Seconds West, a distance of

VOL584 PG0663

*IMMO Blunck*
*Final Decree of Divorce*
*Page 7*

000181
000042

64.00 feet;

THENCE South 69 Degrees 03 Minutes 27 Seconds East, with the South line of said State Highway No. 11, a distance of 60.38 feet to a ½ inch iron rod set with a yellow plastic cap stamped (CBG INC) at the Northwest corner of a tract of land once conveyed to Mollie Thomison by Warranty Deed as recorded in Volume 051, page 165, Deed Records, Camp County, Texas, from said point, a ½ inch iron pipe found, bears North 12 Degrees 53 Minutes 11 Seconds West, a distance of 0.98 feet;

THENCE South 12 Degrees 53 Minutes 11 Seconds West, with the West line of said Thomison tract, and passing the Southwest corner of said Thomison tract, and a Northwest corner of the remainder of a called 1-1/4 acre tract conveyed to Camp County-City of Pittsburg, Texas, by Warranty Deed, as recorded in Volume 122, page 483, Deed Records, Camp County, Texas, and continuing on for a total distance of 283.36 feet to a ½ inch iron rod set with a yellow plastic cap stamped (CBG INC) at the Eastern most Northeast corner of a called 0.253 acre tract conveyed to the East Texas Medical Center Regional Healthcare System, by Warranty Deed, as recorded in Volume 179, page 128, Official Public Records, Camp County, Texas, from said point, a ½ inch iron rod found with a red plastic cap stamped (S&A), bears South 10 Degrees 49 Minutes 21 Seconds West, a distance of 73.64 feet;

THENCE North 71 Degrees 36 Minutes 01 Seconds West, with a North line of said 0.253 acre tract, a distance of 100.00 feet to a ½ inch iron rod set with a yellow plastic cap stamped (CBG INC) at an ell corner of said 0.253 acre tract;

THENCE North 20 Degrees 54 Minutes 16 Seconds East, (Reference Bearing), with the an East line of said 0.253 acre tract, and passing at a distance of 11.29 feet, a ½ inch iron rod found with a red plastic cap stamped (S&A) at the Northern most Northeast corner of said 0.253 acre tract, and the Southeast corner of the remainder of said 0.623 acre tract, and continuing on for a total distance of 285.00 feet to the POINT OF BEGINNING and CONTAINING 22,707 square feet or 0.52 acres of land, more or less.

5.    All household furniture, furnishings, fixtures, goods, art objects, collectibles, appliances, and equipment in the possession of Tedde R. Blunck or subject

*IMMO Blunck*
*Final Decree of Divorce*
*Page 8*

000182
000043

to his sole control except as specifically listed below.

6.    The funds on deposit, together with accrued but unpaid interest, in the following banks, savings institutions, or other financial institutions:

a.    Wells Fargo checking account number ending in **1488;
b.    Wells Fargo checking account number ending in **0348;
c.    Wells Fargo checking account number ending in **9173;
d.    Wells Fargo checking account number ending in **4223;
e.    Wells Fargo checking account number ending in **1927; and
f.    Wells Fargo checking account number ending in **0879.
g.    The remaining balance in Wells Fargo savings account number ending in xxxx2983 after $40,291.00 is paid to Cathy A. Blunck.

7.    FORTY-FIVE PERCENT (45%) of Tedde R. Blunck's benefits in Parsons Brinckerhoff Inc. Exec Def Comp Plan (DCOMP I), c/o T. Rowe Price, arising out of Tedde R. Blunck's employment with Parsons Brinckerhoff, Inc. to be paid as set out below.

8.    FORTY-FIVE PERCENT (45%) of Tedde R. Blunck's benefits in Parsons Brinckerhoff Inc. Exec Def Comp Plan (DCOMP II), c/o T. Rowe Price, arising out of Tedde R. Blunck's employment with Parsons Brinckerhoff, Inc. to be paid as set out below.

9.    All policies of life insurance (including cash values) insuring Tedde R. Blunck's life.

10.    The MTL Insurance Company life insurance policy insuring S. J. Hawkinson.

11.    The 2008 Ford F150 motor vehicle, vehicle identification number 1FTPW14V88FB48320, together with all prepaid insurance, keys, and title documents.

12.    The 2012 Ford Escape motor vehicle, vehicle identification number 1FMCUCEG7CKA65259, together with all prepaid insurance, keys, and title documents.

13.    The 1976 Bethany Citation Travel Trailer motor vehicle, vehicle identification number BF1111CFB464015, together with all prepaid insurance, keys, and title documents.

VOL584 PG 0665

14. The following travel and hotel award benefits:

   a. Marriott account number ending in **8894;
   b. 50% of Gold Delta Sky Miles account number ending **1008;
   c. Southwest Airlines benefits held in Husband's name;
   d. American Airlines benefits held in Husband's name; and
   e. Wells Fargo account number ending in **1165.

15. The contents of the storage unit located in Pittsburgh, Texas.

16. An undivided one half (½) interest in timber and mineral interests on the property located at ABS A060 Mary Hayes, Tract, 41-5000, 406.93 (+1.55 AC in Rd.) acres, and more commonly known as 1347 CR 4510 Pittsburg, Texas.

17. The outstanding loan proceeds from Kelle Hawkinson.

18. The outstanding loan proceeds from Michelle Jolie.

19. The outstanding loan proceeds from Beau Shafer.

20. The proceeds from the Note receivable from Richard and Vanessa Antoine.

21. The hunting trophies and prints save and except for the trophies awarded to Cathy A. Blunck and Ordered delivered to Richard Antoine herein.

22. Contents of the gun safe and hunting gear in his possession.

Property to Cathy A. Blunck

IT IS ORDERED AND DECREED that Cathy A. Blunck is awarded the following as her sole and separate property, and Tedde R. Blunck is divested of all right, title, interest, and claim in and to that property:

1. All household furniture, furnishings, fixtures, goods, art objects, collectibles, appliances, and equipment in the possession of the wife or subject to her sole control.

*IMMO Blunck*
*Final Decree of Divorce*
*Page 10*

000184
000045

**EXHIBIT 2**

FILED FOR RECORD
at 2:05 o'clock ___ m

DEC 27 2012

ELAINE YOUNG
County Clerk Camp County, Texas
By _____
_____ Deputy

THE STATE OF TEXAS          I, ELAINE YOUNG, COUNTY CLERK , CAMP COUNTY, TEXAS
COUNTY OF CAMP          do hereby certify that the foregoing instrument of writing with its
Certificate of authentication was filed for record in my office on the 27 day of Dec A.D. 2012
at 2:05 o'clock P M. and duly recorded on the 27 day of Dec A.D. 2012
File no. 41,691 Vol. 334 Page 601 of Official Public Record of said county.
Witness my hand and seal of office Pittsburg, Texas the day and year last above written.

                                              ELAINE YOUNG, COUNTY CLERK
                              By: _____ DEPUTY
KIM PITTMAN

**EXHIBIT 3**

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SHANZE ENTERPRISES, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:13-cv-4311-D |
| | § | |
| AMIGO MGA, LLC, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Plaintiff Shanze Enterprises, LLC ("Shanze") filed on July 15, 2014 a Motion For Turnover Order requesting the Court enter an order requiring Defendant Amigo MGA, LLC ("Amigo") to turn over to Plaintiff "all present and future rights to non-exempt property that cannot readily be attached or levied on by ordinary legal process, including accounts receivable, intangibles, causes of action, stocks, partnership, and equity interests, and all other property that is properly subject to a turnover order." Dkt. No. 14. Chief Judge Sidney A. Fitzwater referred the motion to the undersigned magistrate judge for hearing, if necessary, and recommendation or determination. *See* Dkt. No. 21. Amigo has not filed a response.

For the reasons explained below, Shanze's Motion for Turnover Order should be denied without prejudice.

**Background**

On October 25, 2013, Shanze filed this breach of contract action under the

-1-


AUTHENTICATED
U.S. GOVERNMENT
INFORMATION
GPO

Court's diversity jurisdiction. After Amigo failed to answer or otherwise respond to the complaint, Shanze sought a default judgment. The Court granted Shanze's motion for judgment and ordered that Shanze recover judgment in the principal amount of $455,924.70 plus prejudgment and postjudgment interest. *See* Dkt. No.12.

Shanze now seeks a turnover order pursuant to Federal Rule of Civil Procedure 64 and Texas Civil Practice & Remedies Code § 31.002. *See* Dkt. No. 14.

**Legal Standards**

The Texas Turnover Statute, Texas Civil Practice & Remedies Code § 31.002, is a procedural device by which judgment creditors may reach assets of a debtor that are otherwise difficult to attach or levy. *See Af-Cap, Inc. v. Republic of Congo,* 462 F.3d 417, 426 (5th Cir. 2006) (citing *Beaumont Bank, N.A. v. Buller,* 806 S.W.2d 223, 224 (Tex. 1991)). The turnover statute itself does not require notice and a hearing prior to issuance of a turnover order. *See Ex parte Johnson,* 654 S.W.2d 415, 418 (Tex. 1983). Nevertheless, the trial court "must have some evidence before it that establishes that the necessary conditions for the application of 31.002 exist." *Tanner v. McCarthy,* 274 S.W.3d 311, 322 (Tex. App. – Houston [1st Dist.] 2008, no pet.). The creditor must show the trial court that: "(1) the debtor owns the property, (2) the property cannot be readily attached, and (3) the property is not exempt." *Stephenson v. LeBoeuf,* No. 14-2-130-cv, 2003 WL 22097781, at *2 (Tex. App. – Houston [14th Dist.] Sept. 11, 2003, no pet.).

For a judgment creditor to prove the required elements, the creditor must "introduce more evidence than just a motion for turnover. The statute requires a

-2-

factual showing that the judgment debtor has non-exempt property that is not readily subject to ordinary execution." *Id.* (citing *Schultz v. Fifth Judicial Dist. Court of Appeals at Dallas*, 810 S.W.2d 738, 740 (Tex. 1991)). "A turnover order must be specific in both identifying the non-exempt property that is susceptible to turnover relief and in tailoring the turnover relief to that property." *Moyer v. Moyer*, 183 S.W.3d 48, 54 (Tex. App. – Austin 2005, no pet.); *see also Roebuck v. Horn*, 74 S.W.3d 160, 163 (Tex. App. – Beaumont 2002, no pet.) ("A reference to broad categories of assets does not constitute a reference to specific assets that is required in a turnover order."); *Finotti v. Old Harbor Co.*, No. 5-97-1365-cv, 1999 WL 1034607, at *1 (Tex. App. – Dallas Nov. 16, 1999, no pet.) ("[T]he trial court's order must be definite, clear, and concise in its description of the property to be turned over eliminating the need for interpretations, inferences or conclusions.").

The Court therefore may not properly enter a turnover order if there is not at least some probative evidence of the necessary facts supporting the trial court's discretion. *See Williams Farms Produce Sales, Inc. v. R&G Produce Co.*, No. 13-12-00365-CV, 2014 WL 1266118, at *4 (Tex. App. – Corpus Christi 2014, no pet.).

## Analysis

Shanze has failed to establish that it is entitled to the turnover relief that it requests. Shanze's motion states only:

> As allowed by Federal Rule of Civil Procedure 64 and Section 31.002 of the Texas Civil Practice & Remedies Code, Plaintiff and judgment creditor Shanze Enterprises Inc. ("Shanze") seeks an order requiring Defendant Amigo MGA, LLC to turn over to Plaintiff all present and future rights to non-exempt property that cannot readily be attached or

levied on by ordinary legal process, including accounts receivable, intangibles, causes of action, stocks, partnership, and equity interests, and all other property that is properly subject to a turnover order.

Dkt. No. 14.

Shanze has the burden to – but does not – identify any specific non-exempt property or provide any evidence to establish that any specific non-exempt property is susceptible to turnover relief. Shanze has failed to establish that: (1) Amigo owns the property, (2) the property cannot be readily attached, and (3) the property is not exempt. Shanze's motion only identifies "broad categories of assets," rather than specific assets as required for a turnover order. *Roebuck*, 74 S.W.3d at 163.

Therefore the record at this point does not allow for the Court to enter a turnover order that is "definite, clear, and concise in its description of the property to be turned over eliminating the need for interpretations, inferences or conclusions." *Finotti*, 1999 WL 1034607, at *1. As such, Shanze's Motion For Turnover Order should be denied without prejudice.

## Recommendation

Shanze's Motion For Turnover Order [Dkt. No. 14] should be denied without prejudice.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or

-4-

recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: September 23, 2014

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE

**EXHIBIT 4**

# IN THE SUPREME COURT OF TEXAS

Misc. Docket No. 07- **9188**

## SECOND AMENDED ORDER REGARDING MANDATORY REPORTS OF JUDICIAL APPOINTMENTS AND FEES

**ORDERED:**

Section 1. Every appointment made in a civil case, probate case, or proceeding governed by Titles 1, 2, or 4 of the Family Code, by a regular or assigned judge of any district court, constitutional county court, statutory county court, statutory probate court, court master or court referee of a person to a position for which any type of fee may be paid shall be made by written order.

Section 2. Every application or request for the payment of a fee by such an appointee shall be approved by the court of the judge making the appointment. This approval shall be accomplished by a separate written order.

Section 3. Orders regarding appointments made and fees paid may not be sealed or otherwise withheld from public disclosure for any reason, regardless of whether any other information in the case is protected from disclosure.

Section 4. This order does not apply to appointments where compensation is solely by government salary rather than by fee, or where the right to select the person appointed is reserved by law to a party, as with independent executors and executrixes, or to appointments of private process servers pursuant to TEX. R. CIV. P. 103. This order does not apply to criminal cases and to proceedings governed by Title 3 of the Family Code (Delinquent Children and Children in Need of Supervision).

Section 5. At the end of each month, each district and county clerk shall prepare a report to include each fee approved during that month for payment in the amount of $500 or more. The report shall indicate:

(1)     the name of each person appointed by the judge of each district court, county court, statutory county court, and statutory probate court in the county to a position for which a fee of $500 or more has been approved during the month to be paid from any source;

(2)     the name of the judge approving the payment of the fees;

(3)     the case number and style of the case in which the fee was approved to be paid;

(4)     the date of the order approving the payment of the fee;

(5)     the position to which the person was appointed; and

(6)     whether the appointee is an attorney, a private professional guardian, associated with a public guardianship program, or a friend or family member of the ward or the deceased; and

(7)     the amount of the fee approved for payment, and the source of such payment.

Misc. Docket No. 07- **9188**          Page 2 of 4

Section 6.   The clerk shall make a copy of this report available for public inspection in the clerk's office, and shall, before the twentieth day of the month following the month reported, transmit a copy of the report to the Supreme Court through the State Office of Court Administration in Austin.

Section 7.   The clerk shall retain each report for at least two years following the date it is made available for public inspection.

Section 8.   The clerk may charge the normal reasonable fee charged by the clerk for similar reproductions for reproducing the report for a person requesting a copy of a report.

Section 9.   The orders signed pursuant to Sections 1 and 2 above shall be sufficiently specific to enable the clerk to prepare the report required by Section 5 above.

Section 10.   This order is effective immediately, and applies to all fees of $500 or more approved for payment on or after ~~September 1, 1994~~ November 1, 2007 and required to be reported before the twentieth day of the following month.

Section 11.   A copy of this order shall be transmitted by the Clerk of the Supreme Court to each district and county-level judge and to each district and county clerk.

Section 12.   This order amends and supersedes Miscellaneous Order No. ~~94-9014~~ 94-9143 (~~January 18~~ September 21, 1994) of this Court.

In Chambers, this 30th day of October, 2007.

_____
Wallace B. Jefferson, Chief Justice

_____
Nathan L. Hecht, Justice

_____
Harriet O'Neill, Justice

_____
J. Dale Wainwright, Justice

_____
Scott Brister, Justice


_____
David M. Medina, Justice

_____
Paul W. Green, Justice

_____
Phil Johnson, Justice


_____
Don R. Willett, Justice