

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-22-00023-CV

———————————————

ANTHONY F. VACCARO, Appellant

V.

RAYMOND JAMES & ASSOCIATES, INC., Appellee

On Appeal from the 67th District Court
Tarrant County, Texas
Trial Court No. 067-330367-21

Before Womack, Wallach, and Walker, JJ.
Opinion by Justice Wallach

## OPINION

Appellee Raymond James & Associates, Inc. (RJA) obtained a post-judgment turnover order against its former employee, Appellant Anthony F. Vaccaro, and Vaccaro appeals from that order. In three issues, Vaccaro asserts that the trial court erred by granting RJA's application for appointment of a receiver, by rendering the turnover order without evidence to support it, and by including injunctive relief in the order, and he asks this court to reverse the order and remand the matter to the trial court. Because we agree with Vaccaro that RJA failed to produce evidence establishing its entitlement to a turnover order, we reverse.

## Background

In a Financial Industry Regulatory Authority arbitration proceeding, RJA obtained an arbitration award against Vaccaro. A Florida trial court confirmed the award and rendered judgment awarding RJA $1,375,236.25, plus $367,737.28 in prejudgment interest and post-judgment interest accruing at the Florida statutory rate. RJA then filed an application for a post-judgment turnover order in Tarrant County district court.[1]

The application alleged that Vaccaro owns nonexempt property, and it requested the appointment of a receiver to take possession of the property, sell it, and pay the

---

[1]RJA originally applied for a turnover order in a Harris County district court. It filed the instant application after Vaccaro moved to transfer venue to Tarrant County.

proceeds to RJA to the extent necessary to satisfy the judgment. The application asked that Lisa Watkins be appointed as receiver and that Vaccaro be ordered to pay her twenty-five percent of the recovery as compensation for her services.

RJA attached several exhibits to its application. First, it attached the Florida judgment, with a "Notice of Filing of Foreign Judgment," an abstract of judgment, and the affidavit of an attorney representing RJA to domesticate the judgment. It also attached a letter that had been sent to Vaccaro from another RJA attorney, Judith Meyer, in which Meyer stated that Vaccaro owed $1,742,973.53, plus interest, and that suit would be filed against him to collect the debt. Also attached was Meyer's affidavit stating that, within her personal knowledge as RJA's attorney in attempting to collect the judgment, RJA had made good faith efforts to collect on the judgment by making a demand for payment to Vaccaro and that Vaccaro had failed to pay the judgment. The affidavit further stated, "It is my understanding that Mr. Vaccaro owns non-exempt assets that can be levied to satisfy his debt, including bank accounts, income, personal property, and interest in real property." Finally, RJA attached Watkins's curriculum vitae.

The trial court held a hearing over Zoom, at which RJA asserted that Vaccaro owned a second home. RJA did not, however, introduce any evidence. *See* Tex. Civ. Prac. & Rem. Code Ann. § 31.002(a).

After the hearing, the trial court signed a turnover order that appointed Watkins as receiver, ordered Vaccaro to turn over to Watkins his nonexempt assets and specified

3

related documents, awarded RJA $2,000 in attorney's fees, and set Watkins's fee at twenty-five percent of all proceeds that came into her possession, which the court found to be the customary and usual fee for a turnover receiver. Vaccaro now appeals.

**Standard of Review**

We review a trial court's turnover order for abuse of discretion. *Beaumont Bank, N.A. v. Buller*, 806 S.W.2d 223, 226 (Tex. 1991). A trial court abuses its discretion if it acts without reference to any guiding rules or principles—that is, if its act is arbitrary or unreasonable. *Low v. Henry*, 221 S.W.3d 609, 614 (Tex. 2007); *Cire v. Cummings*, 134 S.W.3d 835, 838–39 (Tex. 2004). A trial court also abuses its discretion by ruling without supporting evidence. *Ford Motor Co. v. Garcia*, 363 S.W.3d 573, 578 (Tex. 2012). Thus, whether any evidence supports the turnover award is a relevant consideration in determining if the trial court abused its discretion by issuing the order. *Buller*, 806 S.W.2d at 226.

**Discussion**

**I. Proving Entitlement to a Turnover Order**

Under Texas Civil Practice and Remedies Code Section 31.002 (the turnover statute), if a judgment debtor "owns property[] . . . that is not exempt from attachment, execution, or seizure for the satisfaction of liabilities," the judgment creditor "is entitled to aid from a court . . . through injunction or other means" to reach the nonexempt property to satisfy the unpaid judgment. *See* Tex. Civ. Prac. & Rem. Code Ann. § 31.002(a). The initial burden is on the judgment creditor to establish the existence of

an underlying judgment,[2] that the underlying judgment remains unpaid, and that the judgment debtor owns nonexempt property. *Id.*; *Robison v. Watson*, No. 04-20-00138-CV, 2021 WL 2117936, at *6 (Tex. App.—San Antonio May 26, 2021, no pet.) (mem. op.); *Anoco Marine Indus., Inc. v. Patton Prod. Corp.*, No. 2-09-210-CV, 2010 WL 1426869, at *3 (Tex. App.—Fort Worth Apr. 8, 2010, no pet.) (mem. op.). A hearing on an application for a turnover order is not required. *Ex parte Johnson*, 654 S.W.2d 415, 418–19 (Tex. 1983) (orig. proceeding) (considering predecessor turnover statute); *see Beaumont Bank*, 806 S.W.2d at 226 (noting that predecessor statute was recodified as Section 31.002); *see also In re Guardianship of Bays*, 355 S.W.3d 715, 720 (Tex. App.—Fort Worth 2011, no pet.) (citing *Johnson*); *Main Place Custom Homes, Inc. v. Honaker*, 192 S.W.3d 604, 628 (Tex. App.—Fort Worth 2006, pet. denied) (stating turnover statute has no requirement for notice and hearing). Indeed, the statute "'does not specify the manner in which evidence may be received or require evidence to be in any particular form, at any particular level of specificity, or reach any particular quantum.'" *Robison*, 2021 WL 2117936, at *6 (quoting *Heilmann v. Heilmann*, No. 04-18-00849-CV, 2020 WL 6293446, at *4 (Tex. App.—San Antonio Oct. 28, 2020, no pet.) (mem. op.),

---

[2]When the judgment creditor files its turnover application in the same trial court that rendered the underlying judgment, the judgment creditor may ask the court to take judicial notice of the judgment, eliminating the judgment creditor's need to provide evidence of the judgment's existence. *Anoco Marine*, 2010 WL 1426869, at *3. However, for a court to take judicial notice of another court's records, a party must provide proof of the records. *Freedom Commc'ns, Inc. v. Coronado*, 372 S.W.3d 621, 623 (Tex. 2012). Vaccaro does not challenge the underlying judgment's authenticity.

and *Tanner v. McCarthy*, 274 S.W.3d 311, 322–23 (Tex. App.—Houston [1st Dist.] 2008, no pet.)). However, the trial court must have some substantive, probative evidence establishing the turnover statute's requirements. *Id.* at *6; *see also Main Place Custom Homes*, 192 S.W.3d at 628.[3] If the judgment creditor produces such evidence, the burden shifts to the judgment debtor to show that the property at issue is exempt. *Fitzgerald v. Cadle Co.*, No. 12-16-00338-CV, 2017 WL 4675513, at *2 (Tex. App.—Tyler Oct. 18, 2017, no pet.) (mem. op.).

Once the judgment creditor meets its burden under the statute, the trial court may render the requested turnover order, and it has the further discretion to "appoint a receiver with the authority to take possession of the nonexempt property, sell it, and pay the proceeds to the judgment creditor to the extent required to satisfy the judgment." Tex. Civ. Prac. & Rem. Code Ann. § 31.002(b)(3); *Rocha v. NASA Fed. Credit*

---

[3]A prior version of the turnover statute also required a judgment creditor to show that the judgment debtor's nonexempt property was not readily subject to ordinary execution, but the legislature removed that requirement in 2017. *See* Act of May 24, 2017, 85th Leg., R.S., ch. 996, § 1, 2017 Tex. Sess. Law Serv. 4026, 4026. Vaccaro argues that despite the legislature's removal of that requirement, "the Texas Supreme Court still includes it." However, the case he cites for that proposition, *Alexander Dubose Jefferson & Townsend LLP v. Chevron Phillips Chem. Co.*, involved a turnover order issued before the statute's amendment. 540 S.W.3d 577, 579, 581 (Tex. 2018). While we acknowledge that two of our sister courts have used the prior statute's language, *see Gutman v. De Giulio*, No. 05-20-00735-CV, 2022 WL 574968, at *5 (Tex. App.—Dallas Feb. 25, 2022, no pet.) (mem. op.), and *Olivarez v. Garza*, No. 13-20-00025-CV, 2021 WL 5364772, at *9 (Tex. App.—Corpus Christi–Edinburg Nov. 18, 2021, no pet.) (mem. op.), the simple fact is that such requirement was amended out of the statute, and we therefore hold it to be inapplicable to this case.

*Union*, No. 02-21-00416-CV, 2022 WL 2176517, at *3 (Tex. App.—Fort Worth June 16, 2022, no pet.) (mem. op.); *see also Roosth v. Roosth*, 889 S.W.2d 445, 458 (Tex. App.—Houston [14th Dist.] 1994, writ denied) ("Traditional requirements for appointment of a receiver are not applicable to post-judgment receiverships under [Section] 31.002."). The trial court may alternatively order the judgment debtor to turn over nonexempt property in its possession or control, along with related documents or records, "to a designated sheriff or constable for execution" or may "otherwise apply the property to the satisfaction of the judgment." Tex. Civ. Prac. & Rem. Code Ann. § 31.002(b)(1), (2); *Oxbow Calcining LLC v. Port Arthur Steam Energy, L.P.*, Nos. 09-18-00359-CV, 09-18-00392-CV, 2018 WL 6542555, at *1 n.1 (Tex. App.—Beaumont Dec. 13, 2018, no pet.) (mem. op.) (noting the "range of remedies" a trial court may issue upon finding that Section 31.002(a)'s requirements are satisfied).

The turnover statute further provides that "[t]he judgment creditor is entitled to recover reasonable costs." Tex. Civ. Prac. & Rem. Code Ann. § 31.002(e). A receiver's fees are considered court costs, and thus a trial court may award reasonable receiver's fees. *See id.*; *Evans v. Frost Nat'l Bank*, No. 05-12-01491-CV, 2015 WL 4736543, at *5 (Tex. App.—Dallas Aug. 11, 2015, no pet.) (mem. op.) (discussing computation of receiver's fees).

## II. No Evidence Supports Finding of Nonexempt Property

Vaccaro argues under his first issue that the trial court "committed reversible error" by appointing a receiver because RJA failed to meet the requirements for a

turnover order and appointment of a receiver. He argues under his second issue that "the trial court incorrectly granted the turnover order and the receivership without an evidentiary hearing and based on a conclusory affidavit" and that there is no evidence that he owns nonexempt property. In his third issue, Vaccaro asserts that the trial court erred by granting RJA's request for injunctive relief[4] because there is no evidence in the record supporting the need for an injunction under the turnover statute. We agree with Vaccaro that RJA produced no evidence showing its entitlement to a turnover order.

RJA failed to include any evidence—either with its application or at the hearing on the application—that Vaccaro has nonexempt property. With the application, the only exhibit relating to nonexempt property was Meyer's affidavit, in which she conveyed her "understanding"—with no facts to support it—that Vaccaro owns nonexempt assets, "including bank accounts, income, personal property, and interest in real property."

---

[4]RJA's turnover order application requested that Vaccaro "be enjoined from encumbering or transferring property to anyone but the Receiver and that [Vaccaro] be enjoined from concealing property." *See Miga v. Jensen*, Nos. 02-11-00074-CV, 02-11-00167-CV, 2012 WL 745329, at *11 (Tex. App.—Fort Worth Mar. 8, 2012, no pet.) (mem. op.) (discussing obtaining injunctive relief under the turnover statute to preserve assets). That specific injunctive language does not appear in the turnover order. However, the order requires Vaccaro to produce and turn over specified documents and property (in this case, to the receiver) and as such acts as a mandatory injunction. *See McKinnon v. Gurley*, No. 05-16-00246-CV, 2018 WL 5291874, at *4 (Tex. App.—Dallas Oct. 25, 2018, no pet.) (mem. op.). Thus, assuming that Vaccaro's third issue complains about the parts of the turnover order compelling him to produce documents and property for the receiver, we will sustain Vaccaro's third issue because no evidence supports the order's issuance.

8

Meyer's statement is not competent evidence; the affidavit shows no personal knowledge, and her recitation of her "understanding" is conclusory. *See Bishara v. Tex. Health Harris Methodist Hosp. Fort Worth Inc.*, No. 02-20-00316-CV, 2021 WL 3085748, at *6 (Tex. App.—Fort Worth July 22, 2021, no pet.) (mem. op.) ("A conclusory statement is one that does not provide the underlying facts to support the conclusion and is not considered competent evidence."); *San Sebastian Realty Co. v. Huerta*, No. 14-14-00819-CV, 2015 WL 9311805, at *8 (Tex. App.—Houston [14th Dist.] Dec. 22, 2015, pet. denied) (mem. op) (stating that affidavit phrased in terms of the affiant's "understanding" does not reflect any personal knowledge); *Cinbar Eng'g Co. v. Delta Leasing & Inv. Corp.*, 404 S.W.2d 626, 630 (Tex. App.—Austin 1966, writ ref'd n.r.e.) (holding that witness's affidavit statements about what he "understood" were conclusions "and not material facts, and not affirmatively personal knowledge of such facts"); *cf. Hamilton Metals, Inc. v. Glob. Metal Servs., Ltd.*, 597 S.W.3d 870, 880 (Tex. App.—Houston [14th Dist.] 2019, pet. denied) (holding that counsel's statement that to best of counsel's knowledge, judgment creditor had reason to believe that judgment debtor owned property was insufficient to establish ownership of the property).

RJA asserts that Vaccaro did not preserve this complaint because he did not object below to Meyer's affidavit or obtain a ruling. *See* Tex. R. App. P. 33.1. RJA is correct that a party must object in the trial court to preserve a complaint about a defect in an affidavit's form, such as a complaint that the affidavit is not based on personal knowledge. *See Gaber v. U.S. Bank Nat'l Ass'n as Tr. for Truman 2016 Title Tr.*, No. 02-19-

9

00243-CV, 2020 WL 5242419, at *3 (Tex. App.—Fort Worth Sept. 3, 2020, pet. denied) (mem. op.); *cf. In re Marriage of Sandoval*, 619 S.W.3d 716, 722 (Tex. 2021) (holding that by failing to object, party did not preserve complaint about affidavit's formal defect). However, conclusory evidence is considered substantively defective, and a party need not object to substantively-defective evidence to complain about it on appeal. *See Truitt v. Hatfield*, No. 02-21-00004-CV, 2021 WL 5742083, at *6 (Tex. App.—Fort Worth Dec. 2, 2021, no pet.) (mem. op.); *Fiamma Statler, LP v. Challis*, No. 02-18-00374-CV, 2020 WL 6334470, at *17 (Tex. App.—Fort Worth Oct. 29, 2020, pet. denied) (mem. op.); *Mathis v. Bocell*, 982 S.W.2d 52, 60 (Tex. App.—Houston [1st Dist.] 1998, no pet.). Meyer's statement of her "understanding" is conclusory and is thus no evidence.

At the hearing, RJA produced no evidence at all. RJA argues in its brief, however, that Vaccaro owned a second home. To support that assertion it cites to two pages of the hearing transcript. On the first cited page, RJA's attorney told the trial court, "We know . . . based on our investigation that [Vaccaro] has his homestead in Tarrant County, which we're not, of course, seeking any exempt property, but he also owns a second home with an assessed value of over a million dollars."

This argument that Vaccaro owned a second home was not competent evidence that Vaccaro owned nonexempt property. An attorney's statements are generally not evidence. *See Sayles v. Senior Care Res., Inc.*, No. 02-20-00124-CV, 2021 WL 62130, at *5 (Tex. App.—Fort Worth Jan. 7, 2021, no pet.) (mem. op.). An attorney's unsworn statements at a hearing may be considered evidence in some cases—when the

10

circumstances clearly indicate that the attorney is tendering evidence on the record based on personal knowledge and the opposing party fails to object.[5] *Mathis v. Lockwood*, 166 S.W.3d 743, 745 (Tex. 2005). Here, though, nothing in the record suggests that RJA's attorney's statements were based on first-hand knowledge about Vaccaro's property. To the contrary, her statement was that the information came from "our investigation," indicating that the information was gathered from other, unidentified sources. The attorney's argument was insufficient to establish that Vaccaro has nonexempt property. *See Robison*, 2021 WL 2117936, at *5 (stating that turnover motion supported only by counsel's argument was insufficient); *Clayton v. Wisener*, 169 S.W.3d 682, 684 (Tex. App.—Tyler 2005, no pet.) (holding motion for turnover order and arguments of counsel were insufficient to establish turnover statute's requirements); *Travel Music of San Antonio, Inc. v. Douglas*, No. 04-01-00086-CV, 2002 WL 184343, at *2 (Tex. App.—San Antonio Feb. 6, 2002, no pet.) (not designated for publication) (stating that right to turnover order should be established by testimonial and

---

[5]For example, courts have considered an attorney's statements as evidence in the context of explaining at a new trial hearing why the attorney failed to appear at trial, *Mathis*, 166 S.W.3d at 745; proving up a settlement agreement, *Banda v. Garcia*, 955 S.W.2d 270, 272 (Tex. 1997); explaining why the attorney exercised peremptory challenges, *Goode v. Shoukfeh*, 943 S.W.2d 441, 451 (Tex. 1997); proving attorney's fees, *Est. of Hodges*, No. 02-20-00020-CV, 2022 WL 1420976, at *9 (Tex. App.—Fort Worth May 5, 2022, no pet.) (mem. op.); and establishing the lack of receipt of an opponent's responses to a request for admissions, *Anderson v. Safeway Tom Thumb*, No. 02-18-00113-CV, 2019 WL 2223582, at *12 (Tex. App.—Fort Worth May 23, 2019, pet. denied) (mem. op.).

documentary evidence rather than attorney's unsworn statements and allegations); *cf.* *Nixon Home Care, Inc. v. Henry*, 635 S.W.3d 466, 476 (Tex. App.—Houston [14th Dist.] 2021, no pet.) (holding, in appeal from trial court's refusal to dismiss suit under Texas Medical Liability Act, that appellant's counsel's unsworn statements were not evidence that appellant had rendered health care to appellee's ward); *Allstate Prop. & Cas. Ins. Co. v. Ford*, No. 05-20-00463-CV, 2021 WL 4810358, at *5 (Tex. App.—Dallas Oct. 15, 2021, pet. denied) (mem. op.) (declining to consider counsel's statements as evidence to support imposition of sanctions, "where factual determinations about motives and credibility are required").

Further, even if we treat this statement as testimony, it is essentially no evidence: as with Meyer's affidavit, the attorney's statement does not show personal knowledge and provides no factual basis to support it, and it is therefore conclusory and incompetent. *See* Tex. R. Evid. 602 (providing that witness may testify to matter only if the witness has personal knowledge); *Windrum v. Kareh*, 581 S.W.3d 761, 770 (Tex. 2019) (noting that conclusory evidence is considered no evidence); *Montes v. Montes*, No. 04-20-00474-CV, 2021 WL 3174262, at *3 (Tex. App.—San Antonio July 28, 2021, no pet.) (mem. op.) (stating that conclusory testimony amounts to no evidence); *Salaymeh v. Plaza Centro, LLC*, 264 S.W.3d 431, 439 (Tex. App.—Houston [14th Dist.] 2008, no pet.) ("A bare conclusion with no basis in fact cannot support a judgment even when no objection was made to the statements at trial."); *see also Robison*, 2021 WL 2117936, at *6 (holding that evidence that at most created a mere surmise or suspicion that

12

judgment debtor had nonexempt property was insufficient to support turnover order). Accordingly, the attorney's statement cannot support the turnover order.

The second part of the transcript relied on by RJA to show Vaccaro's nonexempt property is the section containing Vaccaro's attorney's argument that RJA should have conducted post-judgment discovery before seeking turnover relief. In that argument, Vaccaro's attorney referenced RJA's earlier statement: "So [RJA's attorney]'s suggesting she has knowledge, which they've independently discovered regarding a second home. I don't know what kind of equity he has in the second home or whether he has much or anything, but that is something that can be determined by post[-]judgment discovery." We cannot consider this statement to be a judicial admission or quasi-admission because it was not a deliberate, clear, and unequivocal assertion that Vaccaro had a second home. *See Mapco, Inc. v. Carter*, 817 S.W.2d 686, 687 (Tex. 1991); *Phillips v. Phillips*, 296 S.W.3d 656, 668 (Tex. App.—El Paso 2009, pet. denied); *cf. DeWoody v. Rippley*, 951 S.W.2d 935, 946 (Tex. App.—Fort Worth 1997, no writ) (noting that statements made by a party's attorney in the course of judicial proceedings that are not based on personal knowledge are not judicial admissions). Instead, the attorney's statement merely acknowledged that RJA's attorney had claimed that the property existed.

RJA produced no evidence that Vaccaro has nonexempt property.[6] Consequently, the trial court abused its discretion by issuing the turnover order. *See Robison*, 2021 WL 2117936, at *6; *Fitzgerald*, 2017 WL 4675513, at *5 (reversing turnover order because judgment creditor produced no evidence that judgment debtor had exempt property); *Weir v. Sterling State Bank*, No. 05-16-00500-CV, 2017 WL 1684634, at *1 (Tex. App.—Dallas May 2, 2017, no pet.) (mem. op.) (reversing turnover order when no evidence was attached to application and no evidence was produced at hearing); *see also Clayton*, 169 S.W.3d at 684. We sustain Vaccaro's three issues.

## Conclusion

Having sustained Appellant's issues, we reverse the trial court's turnover order, and we remand this case to the trial court.

/s/ Mike Wallach
Mike Wallach
Justice

Delivered: October 13, 2022

---

[6]RJA also produced no evidence at the hearing that the underlying judgment remains unpaid. *See Anoco Marine*, 2010 WL 1426869, at *3 (noting that evidence of an unsatisfied judgment is one of the facts that a judgment creditor must prove under the turnover statute). Because we are reversing the turnover order on the basis that RJA produced no evidence of Vaccaro's nonexempt property, we do not address whether the exhibits attached to RJA's application were sufficient evidence of this necessary fact. *See* Tex. R. App. P. 47.1.